7761

## STATE v. HILTON.

1. Juror.—There is no common law or statute rule disqualifying a juror on account of relationship to a witness.

2. Ibid.—Appeal.—A defendant who has not exhausted his peremptory challenges cannot complain of failure of trial Judge to stand aside juror for cause.

3. Evidence—Reputation.—Where a defendant has testified without objection that he had been arrested and served sentences on the chain gang there is no prejudicial error in requiring him to answer if he

had not been convicted of carrying concealed weapons, especially where details were not gone into.

4. ATTORNEYS.—Statement in remarks of solicitor to the effect that defendant's attorneys were at the inquest and would have found if deceased had been armed, having been modified on objection of defendant's attorneys, and no further objection being made and the attention of the Court not having been called to the statement, will not be considered on appeal.

5. IBID.—When appellant's attorneys first inject extrenuous matter into argument, they cannot complain of such argument in reply.

Before DEVORE, J., Chester, April, 1910. Affirmed.

Indictment against Otis Hilton for murder. From sentence, defendant appeals on following exceptions:

1. "Error of his Honor in refusing to stand aside the juror, W. H. Lathan, when examined upon his *voir dire;* this juror was not indifferent, as he was related by blood within the sixth degree to J. M. Lathan and S. R. Lathan, the State's two prosecuting witnesses, and employers of the deceased, and the defendant was prejudiced by the refusal of his Honor to stand aside this juror.

2. "Error in permitting the solicitor on cross-examination, over the objection of the defendant, to ask the defendant the questions: 'On December 3, 1907, were you not up for carrying pistols?' 'On January 6, 1908, weren't you fined for carrying pistols?' 'How many times have you been up already for violating law, count them up, please?' 'Haven't you been up in this community as many as ten times?' 'How many times were you up in Rock Hill?' 'Well, what were all the different offenses you have been up for?' 'How long since you started out on the line you have been pursuing?' And in compelling the defendant to answer these questions against objection, and in permitting the solicitor on cross-examination of the defendant, against objection, to prove his former difficulties, arrest and convictions. The error being that such questions were a direct

attack upon the character of the defendant, which had not been put in evidence by the defense, such questions did not impeach his veracity, as a witness, as his former offenses were not of the class known as *crimen falsi,* such questions were in violation of the constitutional rights of the defendant under section 17, article I, of the Constitution of 1895, providing that no person shall be compelled in any criminal case to be a witness against himself, and are also in violation of the Constitution of the United States, article 5 of the amendments thereto, which provides: 'Nor shall any person be compelled in any criminal case to be a witness against himself.' Such questions were not impeaching his general reputation for veracity, but were an attack upon his character and were proving details of former offenses for which he was then not on trial, were an attack upon the presumption of innocence of the defendant in the case at bar, were irrelevant to the issue, and incompetent and greatly prejudicial to the defendant.

3. "Error in permitting the solicitor over objection of the defendant and error in the solicitor continuing to argue to the jury that the defendant's attorneys were present at the inquest over the dead body of John Beaty, saw the bullet holes in the body, saw the clothes, and saw the body disrobed. Such statements of counsel were outside of the record, were incorrect, were prejudicial to the defendant, for the reason that the theory of the defense was that the deceased was armed with a knife at the time of the fatal encounter, and the State had offered no testimony contradicting this fact, and such argument was a complete surprise to the defense and made too late for the defense to reply to it in argument, or otherwise, and was unfair to the defendant, for the reason that it robbed the defendant of any plea of self-defense if he shot an unarmed man, although the defendant had testified that the deceased renewed the threat to kill him, coupled with overt acts.

4. "Because the solicitor argued to the jury that they must convict the defendant to prevent a repetition of his offenses, and appealed to the jury to convict by referring to the lynching of another white man who had unjustly killed a negro and been improperly acquitted, and again unjustly killed a negro and been improperly acquitted, and after these two acquittals had unjustly killed a white man and was lynched by the men of his town, and thus brought shame and disgrace and scandal upon his town and its citizens, and that to this day the citizens of that town were carrying pistols for one another, and that several killings and bloodshed had resulted therefrom. Such statements of the solicitor were entirely outside of the record, and it was the duty of the Court of its own motion to check such departure from the record, and the abuse of the privilege of argument by the State against the objection of the defendant and against the rights of the defendant to a fair and impartial trial greatly prejudiced his case, made him suffer for the misdeeds of another, caused the jury to believe that they must avenge the outrages of the lynching case by convicting the defendant, and produced in their minds and upon them the impression that the defendant would involve the community in which he lives in similar tragedies unless convicted. Such an appeal by the prosecuting officer of the State, whose duty it is to do justice both to the State and to the defendant, was an overzealous act on his part, and the solicitor showed a disposition to refuse to amend the severity of his remarks after counsel objected to his line of argument in reference to the examination of the dead body. The Court should have corrected the solicitor or charged the jury to disregard such remarks, and the record shows an entire absence of any statement by the Court counteracting the evil of these remarks.

5. "Error on the part of his Honor, the presiding Judge, in refusing a new trial and in overruling the motion therefor, for the reasons that the solicitor had over objection

of defendant's attorneys referred to matters extraneous to the record and which are not supported by the testimony in reference to the examination of the dead body of John Beaty, and the solicitor had prejudiced the defendant's case by calling upon the jury to convict him because of the lynching of another white man who had been improperly acquitted, and because the character of the defendant had been attacked on cross-examination against the objection of defendant's attorneys, and because the juror, W. H. Lathan, had not been rejected on his *voir dire.*"

*Messrs. Gaston & Hamilton,* for appellant, cite: *That defendant called out deceased to talk with him does not deprive him of plea of self-defense:* 155 U. S. 271; 153 U. S. 183. *Argument of solicitor is so improper as to cause a reversal:* 86 S. C. 374; 77 S. C. 408; 65 S. C. 247; 81 S. C. 28; 75 S. C. 345; 84 S. C. 108; 26 S. C. 118. *It is not always necessary for opposite side to object to improper remarks:* 76 N. W. 462; 85 S. W. 428; 10 Ohio Cir. D. 738; 7 Id. 19. *Cases reversed for improper remarks of counsel:* 168 U. S. 397; 150 U. S. 81, 118; 156 U. S. 380. *Defendant is not required to come into Court with clean hands, nor can the State make out its case by an attack on his character:* 153 U. S. 623; 142 U. S. 450; 65 S. C. 245; 178 U. S. 315; 104 Wis. 132; 115 Fed. R. 3; 96 Ill. 492; 62 L. R. A. 345; 26 S. C. 121; 34 S. C. 39; 33 S. C. 593; 12 Cyc. 405; 61 S. W. 756; 72 N. Y. 571; 71 Pac. 982. *Juror is not disqualified by reason of relation to witness:* 61 S. C. 146.

*Solicitor J. K. Henry,* contra, cites: *Right of challenge of jurors is for Circuit Judge:* 20 S. C. 449; 16 S. C. 460; 43 S. C. 677; 69 S. C. 295. *Defendant as a witness is subject to same rules as others:* 26 S. C. 110; 35 S. C. 297; 85 S. C. 155 *Remarks by counsel made on trial without the*

*record are largely left to discretion of Circuit Judge:* 26 S. C. 118; 86 S. C. 49.

January 20, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY. Under an indictment for murder, the jury rendered a verdict of guilty, against the defendant, with a recommendation to the mercy of the Court, whereupon he was sentenced to imprisonment for life in the State penitentiary.

The defendant appealed upon exceptions, which will be set out in the report of the case.

*First Exception:* The only statement in the record, with reference to this question, is as follows:

"The jurors were placed on their *voir dire.* One juror, W. H. Lathan, was related by blood within the sixth degree to J. M. Lathan and S. R. Lathan, who were witnesses and testified for the State and were the employers of John Beaty, the deceased. The Circuit Judge refused to stand the jurors aside, and the defense used a challenge and exhausted nine of its ten challenges."

There are two reasons why this exception cannot be sustained: There is no rule of the common law, nor is there a statute disqualifying a juror, on account of his relationship to a *witness,* either by affinity or consanguinity, within any degree.  (2) The defendant had not exhausted his peremptory challenges. *State* v. *Hayes,* 69 S. C. 295, 48 S. E. 251.

*Second Exception:* The record shows that the following took place when the questions mentioned in the exception were propounded:

"Mr. Gaston: I don't know that the solicitor has got the right to go into the details of these previous offenses.  If he is attacking the defendant as a witness he has a right,

as I understand it, under the law to go into his pre-
vious bad character in a general way; but he can't
attack him as a defendant in this way. Now, the
defendant admits the previous arrests and services on the
chain gang, and I think that is as far as the solicitor can
go." * * *

"The Court: Yes, sir; I think the question as put is com-
petent. Now, I don't understand the solicitor as going into
details. He simply asked this witness, as I understand it,
wasn't you convicted of carrying concealed weapons at a
certain time? Wasn't you convicted of carrying concealed
weapons at another certain time? That is not going into
details. Going into details, as I understand it, means,
'Why did you have a pistol at that time? What were you
doing with it? What were you carrying a pistol for?'
And giving all the facts and circumstances. But just the
bald statement, if you were convicted of carrying concealed
weapons at a certain time, and then at another certain time,
it does not strike me that that is going into details. I will
have to overrule the objection."

After the defendant's attorneys admitted the previous
arrests and service on the chain gang, we fail to see wherein
the ruling of his Honor, the presiding Judge, was preju-
dicial to the appellant, especially as we concur with the Cir-
cuit Judge, that the questions did not attempt to elicit the
details.

*Third Exception:* The following statement appears in the
record:

"It came out in evidence that defendant's attorneys,
Gaston & Hamilton, were at the inquest and made sugges-
tions as to putting certain statements in the record. State's
counsel argued that if at the inquest they would have
found and proven that deceased was armed and may
have stated that they saw the body disrobed, etc.; but
on defendant's attorney correcting this, replied: They were
at the inquest and were zealous enough and long-nosed

enough to have found out if deceased was armed, and not finding, so concluded that deceased was not armed. There was no proof that he was armed at the time of the killing."

When the solicitor made the statement, "that if at the inquest they (defendant's attorneys) would have found and proven that deceased was armed and may have stated that they saw the body disrobed," the defendant's attorneys corrected the statement, whereupon, instead of reiterating that fact, the solicitor said by way of inference: "They were at the inquest, and were zealous enough and long-nosed enough to have found out if deceased was armed." The second statement was in the nature of a withdrawal of the first, and there was no further correction by the defendant's attorneys. But there is even a stronger reason, why the exception must be overruled. The record does not disclose the fact that the attention of the Circuit Judge was called to the language of the solicitor, and there was no ruling from which the defendant could appeal.

*Fourth Exception:* The following statement is set out in the record:

"State's counsel denies that he ever stated to the jury, 'that they must convict the defendant,' but did argue that under the law and evidence he was guilty, and hence they ought to convict him, and made a statement of published and facts of record, to show the terrible consequences to society in the failure of juries to convict murderers. This was passed on by the presiding Judge on motion for new trial, who held that the solicitor's argument was legitimate reply to argument for defense, because defense had argued, in effect, that they should not convict a white man for killing an impudent negro. This was a white man's country, etc."

There are two reasons why this exception cannot be sustained: (1) It does not appear that the presiding Judge was requested to rule upon the language of the solicitor. Therefore, the question is not properly before this Court for consideration.

.

(2) It appears that the language used by the solicitor was in reply to the argument for the defense, that the jury "should not convict a white man for killing an impudent negro; that this was a white man's country," etc.

As the counsel for the defense first injected extraneous argument into the case, the defendant is not in a position to complain of the argument in reply. *State* v. *Duncan*, 86 S. C., 370.

What has already been said, disposes of the fifth exception.

Appeal dismissed.