23724

Darrell PRUITT, Petitioner v. STATE of South Carolina, Respondent.
(423 S.E. (2d) 127)

Supreme Court

*Asst. Appellate Defender Robert M. Pachak, of S.C. Office of Appellate Defense, Columbia, for petitioner.*

*Atty Gen. T. Travis Medlock, Chief Deputy Atty Gen. Don-*

ald J. *Zelenka*, and *Asst. Atty. Gen. Teresa N. Cosby*, Columbia, *for respondent.*

Submitted July 30, 1992.

Decided Oct. 5, 1992.

*Per Curiam:*

This matter is before the Court by way of a petition for a writ of certiorari from an order of Judge Patterson finding that petitioner was entitled to review under *Austin v. State*[1] of an order issued by Judge Brown denying, after a hearing, petitioner's application for postconviction relief (PCR). The State does not contest the finding that petitioner is entitled to an *Austin* review. Accordingly, we grant certiorari, dispense with further briefing, and proceed with a review of the questions asserting error in Judge Brown's order.

Petitioner asserts that his trial counsel was ineffective for failing to object to the trial judge's erroneous jury instruction on malice and for failing to object to a portion of the solicitor's argument. Additionally, he contends that he was denied his right to a direct appeal. Unfortunately, although these allegations were raised in petitioner's application for PCR and evidence was presented regarding them at the hearing on the application, Judge Brown's order denying relief does not address the questions. Accordingly, we find it necessary to vacate Judge Brown's order and remand this matter to the circuit court to hold a new hearing. Petitioner shall be entitled to file an amended application if necessary and the order shall address all issues properly raised at the hearing. *McCray v. State*, 305 S.C. 329, 408 S.E. (2d) 241 (1991); S.C. Code Ann. § 17-27-80 (1991).[2]

We take this opportunity to express our concern with the increasing number of orders in PCR proceedings that fail to address the merits of the issues raised by the applicant. Not only does this deprive the parties of rulings on the issues raised, but it makes review by the appellate

---

[1] 305 S.C. 453, 409 S.E. (2d) 395 (1991).

[2] In vacating and remanding in this case, we are not abandoning the general rule that issues must be raised to, and ruled on by, the postconviction judge to be preserved for appellate review. The extraordinary action we take today is necessary only because our opinion in *McCray* is not being followed.

court more difficult and ultimately increases the work load of all involved where, as in this case, a new hearing is required to secure the rulings which should have been made initially. Counsel preparing proposed orders should be meticulous in doing so, opposing counsel should call any omissions to the attention of the PCR judge prior to issuance of the order, and the PCR judge should carefully review the order prior to signing it. Even after an order is filed, counsel has an obligation to review the order and file a Rule 59(e), SCRCP, motion to alter or amend if the order fails to set forth the findings and the reasons for those findings as required by § 17-27-80 and Rule 52(a), SCRCP.

We recognize the immense task imposed on the Assistant Attorneys General representing the State in these actions, the pressure on judges to hear and decide numerous cases in one term, and the burdens placed on lawyers appointed to represent PCR applicants. However, failing to address the merits of issues which have been fairly raised in these actions does nothing to alleviate these problems but rather exacerbates them. We are confident that in the future all those involved in postconviction matters will do everything in their power to ensure that remands such as the one we order today will no longer be necessary.

Vacated and remanded.