24354

Michael McCULLOUGH, Petitioner v.
STATE of South Carolina, Respondent.

(464 S.E. (2d) 340)

Supreme Court

*Daniel T. Stacey, Chief Attorney,* of the *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*T. Travis Medlock, Attorney General, J. Emory Smith, Jr., Deputy Attorney General,* and *Teresa Nesbitt Cosby, Assistant Attorney General,* Columbia, *for respondent.*

Submitted Sept. 21, 1995.

Decided Nov. 14, 1995.

## ON WRIT OF CERTIORARI

BURNETT, Justice:

Petitioner Michael McCulloguh seeks certiorari from the denial of his second application for postconviction relief (PCR), alleging the order does not reflect the ruling made by the PCR judge that the application be dismissed as successive.

McCullough pled guilty to voluntary manslaughter and was sentenced to imprisonmenet for thirty (30) years. No direct appeal was taken. McCullough's first application for PCR was dismissed with prejudice after a hearing. A second application for PCR was filed, and at the hearing, the State moved to dismiss the application as successive. The PCR judge ruled that the withdrawal of McCullough's first application was voluntary and dismissed the second application as successive.

The PCR judge signed an order prepared by the Attorney General's Office. However, the order failed to address the

judge's decision to dismiss McCullough's second appliation as successive. Instead, the order addressed issues which were decided at the first PCR hearing, but were *not* presented to or ruled upon by the second PCR judge.

The PCR court is required to "make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented." S.C. Code Ann. § 17-27-80 (1976) In *Pruitt v. State*,[1] we expressed concern with orders in PCR proceedings that do not address the merits of the issues raised.

> Counsel preparing proposed orders should be meticulous in doing so, opposing counsel should call any omissions to the attention of the PCR judge prior to issuance of the order, and the PCR judge should carefully review the order prior to signing it. Moreover, after an order is filed, counsel has an obligation to review the order and file a Rule 59(e), SCRCP, motion to alter or amend if the order fails to set forth the findings and the reasons for those findings as required by § 17-27-80 and Rule 52(a), SCRCP.

*Pruitt*, 310 S.C. at 256, 423 S.E. (2d) at 128.

Although the error was not raised to and ruled on by the PCR judge, we find it necessary to vacate the order and remand this matter to the circuit court to issue an order addressing its decisions to dismiss McCullough's second application as successive. *See McCray v. State*, 305 S.C. 329, 408 S.E. (2d) 241 (1991) (orders in PCR proceedings shall address all issues properly raised at the hearing). We admonish all those involved in future PCR matters to be meticulous in preparing and reviewing proposed orders so that the final order sets forth the required findings and reasons for those findings.

Vacated and remanded.

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.

---

[1] 310 S.C. 254, 423 S.E. (2d) 127 (1992).