**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RICHARD PADGETT,
<u>Petitioner-Appellant,</u>

v.

WILLIE WELDON, Warden of Leiber

No. 98-7422

Correctional Institution; CHARLES M.
CONDON, Attorney General of the
State of South Carolina,
<u>Respondents-Appellees.</u>

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Henry M. Herlong, Jr., District Judge.
(CA-97-3922-4-20BE)

Submitted: February 9, 1999

Decided: April 22, 1999

Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Richard Padgett, Appellant Pro Se. Donald John Zelenka, Chief Dep-
uty Attorney General, Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Richard Padgett appeals the district court's order adopting the magistrate judge's recommendation to deny his request for habeas corpus relief under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998). In denying relief, the district court found all of Padgett's claims procedurally barred. We agree with Padgett that the district court erred in finding two of his ineffective assistance claims procedurally barred. Padgett asserted that his counsel was ineffective due to a conflict of interest and due to his failure to more vigorously defend him after a witness who incriminated him in a statement to police recanted that statement in a letter to counsel.

The district court found that the state supreme court denied these claims on procedural grounds that adequately and independently supported the denials. Specifically, the court noted the state court's comment that the claims were not properly preserved for appellate review because the state post-conviction relief (PCR) judge did not rule on the claims, even though they were raised in Padgett's post-conviction relief application. Although the state court went on to deny the claims on the merits, the district court found that the state court's reliance on procedural bar obviated the need for federal review under the adequate and independent state ground doctrine. See Harris v. Reed, 489 U.S. 255, 262 (1989).

We read the state court's opinion in Padgett v. State, 484 S.E. 2d 101 (S.C. 1997), differently from the district court. Although the court stated that the ineffective assistance claims at issue were not properly preserved for appellate review, the court cited for this proposition its own decision in Pruitt v. State, 423 S.E. 2d 127 (S.C. 1992), where the court held that a PCR judge's failure to consider claims raised in a prisoner's post-conviction relief application requires remand for consideration of the claims before they are appropriately considered

2

by the appellate court. Id. at 128. The court's citation to Pruitt suggests that it was noting a procedural deficiency but not a procedural bar. This construction is further supported by the fact that the court went on to address the claims on the merits. Moreover, even had the state court applied a procedural bar in this case, it would not be adequate to support the judgment, because the state possessed no legitimate interest in barring claims based on an error by the PCR judge rather than the litigant, and in this case the inaction of the PCR judge rather than Padgett caused the procedural deficiency. See Osborne v. Ohio, 495 U.S. 103, 124 (1990) (finding that state possessed no legitimate interest in denying petitioner opportunity to plead with more particularity).

We therefore grant a certificate of appealability and vacate the order of the district court and remand for consideration of the identified ineffective assistance claims on the merits. In all other respects, the order of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

3