# UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

TYRONE PEARSON,
                    *Petitioner-Appellant,*

                    v.

RICKIE HARRISON, Warden; CHARLES
M. CONDON, Attorney General of
the State of South Carolina,
                    *Respondents-Appellees.*

No. 00-7512

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Joseph F. Anderson, Jr., Chief District Judge.
(CA-00-1040-6-17-AK)

Submitted: April 13, 2001

Decided: April 26, 2001

Before WILLIAMS and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

## COUNSEL

Tyrone Pearson, Appellant Pro Se. Donald John Zelenka, Chief Deputy Attorney General, William Edgar Salter, III, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Tyrone Pearson appeals the district court's order adopting the mag-
istrate judge's recommendation that relief be denied on his 28
U.S.C.A. § 2254 (West 1994 & Supp. 2000) petition. On appeal,
Pearson continues to press the issues he raised in his § 2254 petition.
We deny a certificate of appealability and dismiss this appeal.

Pearson first claims that he was denied assistance of counsel at a
preliminary hearing. Observing that Pearson failed to file a motion
pursuant to S.C.R. Civ. P. 59(e) to preserve the issue for appellate
review during post-conviction proceedings in state court, the magis-
trate judge concluded that Pearson procedurally defaulted this claim
and that he was therefore barred from raising it in federal court. We
disagree.

When a federal habeas petitioner fails to comply with a state proce-
dural rule during state post-conviction relief proceedings, and that
failure provides an adequate and independent ground for a state's
denial of relief, federal review is barred if the state court expressly
relied on the procedural default in denying relief. *Coleman v. Thomp-
son*, 501 U.S. 722, 729-30 (1991); *Harris v. Reed*, 489 U.S. 255, 262
(1989). In determining whether the state supreme court expressly
relied on the procedural ground in denying relief, we apply the plain
statement rule, under which federal habeas review is only barred if the
last state court to which petitioner presented his federal claims
"clearly and expressly rel[ied]" on state procedure in denying habeas
relief, and that state procedure provided "an independent and ade-
quate state ground" for denying relief. *Smith v. Dixon*, 14 F.3d 956
(4th Cir. 1994) (en banc).

The plain statement rule is inapplicable, however, when the claim
was not presented to the highest state court with jurisdiction to decide

it. *Coleman*, 501 U.S. at 735. Under those circumstances, a federal court will refuse to hear a claim if it is clear that the claim would have been procedurally barred had it been presented to the highest state court. *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990).

In his petition for certiorari to the state supreme court, Pearson did not assert he was denied counsel during a preliminary hearing.* Thus, the question is whether it is clear that the state supreme court would have refused to hear the claim because Pearson failed to properly preserve it by filing a S.C.R. Civ. P. 59(e) motion.

As a matter of general appellate procedure in South Carolina, to preserve an issue for review, parties are required to make sure that the lower court's final judgment reflects a ruling on the issue. *Pruitt v. State*, 423 S.E.2d 127, 128 n.2 (S.C. 1992). If the final judgment does not contain such a ruling, parties are usually required to file a motion to amend judgment pursuant to S.C.R. Civ. P. 59(e). *Id.* In the specific context of post-conviction relief, however, S.C. Code Ann. § 17-27-80 (Law. Co-op. 1976) requires a PCR court to "make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented" to it. Citing this provision of state law, the South Carolina Supreme Court has consistently vacated and remanded PCR court judgments that do not contain findings on issues presented to the PCR court, *Bryson v. State*, 493 S.E.2d 500, 500 (S.C. 1997); *McCullough v. State*, 464 S.E.2d 340, 340 (S.C. 1995); *Pruitt v. State*, 423 S.E.2d 127 (S.C. 1992); *McCray v. State*, 408 S.E.2d 241 (S.C. 1991), and has done so notwithstanding a PCR petitioner's failure to preserve an issue by filing a S.C.R. Civ. P. 59(e) motion. *See, e.g.*, *Pruitt*, 423 S.E.2d at 127. Accordingly, we find that Pearson's failure to file a S.C.R. Civ. P. 59(e) motion to preserve his denial of counsel claim would not have clearly barred him from presenting that claim to the state supreme court.

---

*Because we ultimately conclude that Pearson's assistance of counsel claim is meritless, we do not address exhaustion. *See Granberry v. Greer*, 481 U.S. 129, 135 (1987) ("[I]t is appropriate for the court of appeals to dispose of nonmeritorious petitions without reaching the non-exhaustion issue.").

We nonetheless dismiss Pearson's appeal from the denial of relief on Pearson's claim that he was denied counsel at a preliminary hearing because we find the claim meritless. The Sixth Amendment does not guarantee an accused the assistance of counsel at a probable cause hearing. *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975). Although the rule under which prosecutors conducted Pearson's hearing is entitled "Preliminary Hearings," such hearings are limited to probable cause determinations. S.C.R. Crim. P. 2(a), (c). Thus, under *Gerstein*, the State was not required to provide Pearson an attorney at the hearing.

Pearson next contends that he received ineffective assistance of counsel for two reasons: (1) trial counsel failed to advise him of legal theories concerning suppression of evidence prior to Pearson's guilty plea, and (2) trial counsel failed to file a motion to suppress unconstitutionally obtained evidence. With regard to Pearson's claim that he received ineffective assistance of counsel with respect to his guilty plea, we have reviewed Pearson's informal brief, the record, and the magistrate judge's recommendation. We find no error, and therefore dismiss the appeal as to this claim based on the reasoning of the magistrate judge. Furthermore, although the magistrate judge's report did not expressly address Pearson's allegation that trial counsel failed to file a motion to suppress, we also deny relief on that claim. Pearson has not identified any specific evidence that should have been suppressed.

Finally, Pearson contends that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963), and he also challenges his sentence. Pearson did not raise either of these claims in his petition to the district court, however, and they are therefore waived. *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993).

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

*DISMISSED*