636 S.E.2d 860

**Dycippa L. GARNER, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

Supreme Court of South Carolina.

Oct. 18, 2006.

## ORDER

Petitioner filed an application for post-conviction relief (PCR) alleging trial counsel was ineffective in failing to object to the sufficiency of the indictments, in failing to file a direct appeal, and in failing to object to the sentence enhancement at the time of sentencing. The State moved to dismiss the application as barred by the statute of limitations. Petitioner's PCR counsel argued the statute of limitations should not apply to the application if petitioner was granted the right to a direct appeal.

Following a hearing, the PCR judge found petitioner did not knowingly and intelligently waive his right to direct appeal and was entitled to a belated review of his direct appeal issues pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974). The PCR judge also granted petitioner's motion to dismiss the application without prejudice and found the statute of limitations did not apply to petitioner's application since the PCR judge found petitioner was entitled to a belated appeal.

The State filed a motion to alter or amend the order. The PCR judge granted the motion "to the extent that the findings and conclusion [were] amended to determine that the statute of limitations does not apply to [petitioner's] allegation that he did not knowingly and voluntarily waive his right to an appeal of his guilty plea [sic]." The order was further amended to reflect the State's objection to petitioner's motion to dismiss the remaining allegations without prejudice and to preserve the State's right to raise any and all defenses, such as the statute of limitations and laches, to any and all allegations raised in any future PCR actions. Petitioner has filed a notice of appeal.

 South Carolina Code Ann. § 17–27–80 (2003) states that a PCR court "shall make specific findings of fact, and state expressly its conclusions of law *relating to each issue presented. This order is the final judgment.*" (Emphasis added). All grounds for relief available to an applicant must be raised in his original, supplemental or amended application. S.C.Code Ann. § 17–27–90 (2003). "Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction

or sentence or an any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended application." Id. A final judgment entered under the Uniform Post–Conviction Relief Act may be reviewed by writ of certiorari. S.C.Code Ann. § 17–27–100 (2003); Rule 227(a), SCACR.

■ An order in a PCR matter which does not include specific findings of fact and conclusions of law relating to each issue presented, but instead dismisses some of the issues without prejudice to them being raised in a future PCR proceeding, does not constitute a final order or judgment under the Uniform Post–Conviction Relief Act and therefore is not reviewable by writ of certiorari. Similar to the situation in *Pruitt v. State*, 310 S.C. 254, 423 S.E.2d 127 (1992), failure to finally resolve each of the issues presented in the PCR application when it is initially considered ultimately increases the work load of all involved when a new hearing is required to secure the rulings which should have been made initially.[1]

Accordingly, we dismiss petitioner's notice of appeal without prejudice to his right to file another notice of appeal upon the issuance of a final order on his PCR application. We remand this case to the PCR judge to conduct a hearing, if necessary, and issue a final order which rules on all of the issues raised in petitioner's PCR application as well as the State's motion to dismiss. The final order shall be issued within sixty days of the date of this order.

---

1. We assume it was the PCR judge's reasoning that if petitioner's convictions are reversed after a belated review of his direct appeal issues, it would be unnecessary to address the remaining allegations in the PCR application. However, if the convictions are not reversed, it is likely another PCR application and another petition for a writ of certiorari will be filed, creating additional work for both the circuit court and the appellate court. Moreover, there could be a situation where the additional allegations raised in a PCR application lead to a new trial, obviating the need for a belated review of any direct appeal issues. Accordingly, the most efficient manner in which to handle PCR applications is to comply with the requirements of section 17–27–80 and rule on all of the issues raised in the application in a final order without leaving some issues to be determined at a later date.

IT IS SO ORDERED.

/s/ Jean H. Toal, C.J.,

/s/ James E. Moore, J.

/s/ John H. Waller, Jr., J.

/s/ E.C. Burnett, III, J.

/s/ Costa M. Pleicones, J.