653 S.E.2d 266

**Anthony MARLAR, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 26391.**

Supreme Court of South Carolina.

Submitted Nov. 1, 2007.

Decided Nov. 5, 2007.

408

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Daniel E. Grigg, all of Columbia, for Petitioner.

Deputy Chief Attorney for Capital Appeals Robert M. Dudek, South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Respondent.

PER CURIAM.

The State seeks a writ of certiorari to review the decision of the Court of Appeals vacating the order of the circuit court denying respondent's application for post-conviction relief (PCR). *Marlar v. State,* 373 S.C. 275, 644 S.E.2d 769 (Ct.App. 2007). We grant the petition for a writ of certiorari on the State's Questions I and II, dispense with further briefing, and reverse the opinion of the Court of Appeals. The petition is denied on the State's Questions III and IV.

Pursuant to S.C.Code Ann. § 17–27–80 (2003), the PCR judge must make specific findings of fact and state expressly the conclusions of law relating to each issue presented. The failure to specifically rule on the issues precludes appellate review of the issues. *Pruitt v. State,* 310 S.C. 254, 423 S.E.2d 127 (1992). The order of the PCR judge in this matter fails to specifically address any of the allegations raised by respondent.

Although the Court of Appeals initially indicated the order failed to comply with § 17–27–80 and should be remanded for specific findings of fact and conclusions of law, the court later held respondent's allegations were preserved for appellate review. In making this determination, the Court of Appeals apparently relied on the following language in the PCR judge's order:

As to any allegations raised in the application or at the hearing not specifically addressed by this Order, this Court finds that the applicant failed · to present any evidence regarding such allegations. Accordingly, this Court finds that the applicant failed to meet his burden of proof regarding them. Therefore, any and all allegations not specifically addressed in this Order are hereby denied and dismissed.

This paragraph does not constitute a sufficient ruling on any issues since it does not set forth specific findings of fact and conclusions of law. This language should not be included in a PCR order unless there are allegations contained in the application and/or mentioned at the PCR hearing about which absolutely no evidence is presented.

The Court of Appeals rejected the State's argument that none of respondent's allegations were preserved for appellate review because respondent failed to make a Rule 59(e), SCRCP, motion to alter or amend the judgment to include specific findings of fact and conclusions of law. *See Humbert v. State,* 345 S.C. 332, 548 S.E.2d 862 (2001); *Pruitt v. State, supra.* In discussing this argument, the Court of Appeals noted this Court has remanded PCR actions to the PCR judge for specific rulings, despite the fact there were no Rule 59(e) motions. The court then pointed to the more recent case of *Humbert v. State, supra,* in which this Court held an issue was not preserved for appellate review because it was not addressed in the PCR order and no Rule 59(e) motion was filed. The Court of Appeals' opinion then states, "It does not appear that *Humbert* overruled the prior cases, and it is not clear whether, in light of *Humbert,* an appellate court may still take the extraordinary action of overlooking the failure to file a Rule 59(e) motion and remanding matters so that specific orders may be issued by the PCR court."

The cases this Court remanded for specific findings were unique cases in which the Court attempted to remind circuit court judges and parties that: (1) specific findings of fact and conclusions of law were required; and (2) a Rule 59(e) motion must be filed if issues are not adequately addressed in order to preserve the issues for appellate review. Although the cases apparently have not accomplished the Court's goal, they do not change the general rule that issues which are not properly preserved will not be addressed on appeal. In fact, in *Pruitt*, this Court stated in a footnote, "In vacating and remanding in this case, we are not abandoning the general rule that issues must be raised to, and ruled on by, the post-conviction judge to be preserved for appellate review. The extraordinary action we take today is necessary only because our opinion in *McCray [v. State*, 305 S.C. 329, 408 S.E.2d 241 (1991)] is not being followed." *Pruitt v. State*, 310 S.C. at 255, 423 S.E.2d at 128.

Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review, and the Court of Appeals erred in addressing the merits of the issues and remanding the matter to the PCR judge. *Humbert v. State, supra; Pruitt v. State, supra.*

We take this opportunity to reiterate our admonition that "[c]ounsel preparing proposed orders should be meticulous in doing so, opposing counsel should call any omissions to the attention of the PCR judge prior to issuance of the order, and the PCR judge should carefully review the order prior to signing it. Even after an order is filed, counsel has an obligation to review the order and file a Rule 59(e), SCRCP, motion to alter or amend if the order fails to set forth the findings and the reasons for those findings as required by 17–27–80 and Rule 52(a), SCRCP." *Pruitt v. State*, 310 S.C. at 256, 423 S.E.2d at 128.

**REVERSED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur. BEATTY, J., not participating.