**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Oscar James Fortune, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2012-212602

———————————

**ON WRIT OF CERTIORARI**

———————————

Appeal From Chesterfield County
John M. Milling, Trial Judge
Paul M. Burch, Post-Conviction Relief Judge

———————————

Unpublished Opinion No. 2016-UP-102
Submitted August 1, 2015 – Filed March 2, 2016

———————————

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

———————————

Joel Flake Stroud, of Joel F. Stroud, Attorney, PLLC, of Chesterfield, for Petitioner.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General Karen Christine
Ratigan, both of Columbia, for Respondent.

------

**PER CURIAM:** Oscar Fortune appeals the post-conviction relief (PCR) court's dismissal of his PCR application for his convictions for murder and possession of a weapon during the commission of a violent crime. On appeal, Fortune argues the PCR court erred by (1) denying his post-hearing motions and failing to address all issues raised in the motions; (2) failing to rule he was denied a fair trial because the State, in its closing argument, "denigrated the integrity of trial counsel" and impugned the "institutional role of defense lawyers"; (3) failing to rule the State violated his due process rights by inviting the jury to disregard the trial court's charge on reasonable doubt; (4) failing to rule he was denied a fair trial because the State knowingly allowed a witness to commit perjury; (5) failing to find his lead trial counsel[1] ineffective for presenting a "reasonable doubt charge chart" to the jury, challenging the State to disprove each item on the chart, and stating the jury should return a guilty verdict if the State succeeded in doing so; (6) failing to find lead trial counsel ineffective because he gave rambling and incoherent opening and closing arguments due to medical problems he suffered during the trial; (7) failing to find trial counsel ineffective for relying solely on cross-examination to cure the prejudice of a witness's alleged perjury; (8) failing to find trial counsel ineffective for not seeking dismissal when they realized the State indicted two people for the victim's murder; (9) failing to find trial counsel ineffective for not investigating and requesting a jury charge on defense of others; (10) failing to find trial counsel ineffective for not sufficiently consulting with Fortune's original trial counsel and obtaining a witness list from him; and (11) failing to find trial counsel ineffective for not objecting to the State referring to the decedent as the "victim."

We affirm the PCR court's order of dismissal to the extent it ruled on the merits of Fortune's claims. However, because the PCR court failed to address all issues Fortune properly raised to it, we vacate the portion of the PCR court's order of

------

[1] Fortune was represented at trial by two attorneys (collectively "trial counsel"): Edward Saleeby (lead trial counsel) gave opening and closing statements and questioned two witnesses, while Terrence Quinn (trial co-counsel) questioned the remaining witnesses.

dismissal ruling Fortune waived several of his claims.  We also vacate the PCR court's order denying Fortune's Rule 59(e), SCRCP, motion.  The case is remanded to the PCR court for a ruling on the merits of Issues 2, 4, and 7.

In its order of dismissal, the PCR court ruled, "As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this [o]rder, this [c]ourt finds the Applicant waived such allegations and failed to meet his burden of proof regarding them."  However, Fortune presented evidence at the PCR hearing that was relevant to Issues 2, 4, and 7.  Accordingly, the PCR court abused its discretion by making the above ruling and failing to rule on the merits of these issues.  *See* S.C. Code Ann. § 17-27-80 (2014) ("The [PCR] court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented."); *Marlar v. State*, 375 S.C. 407, 408, 653 S.E.2d 266, 266 (2007) ("Pursuant to [section 17-27-80], the PCR [court] must make specific findings of fact and state expressly the conclusions of law relating to each issue presented."); *id.* at 409, 653 S.E.2d at 266-67 (reviewing a PCR order and finding similar language "does not constitute a sufficient ruling on any issues since it does not set forth specific findings of fact and conclusions of law" and "should not be included in a PCR order unless there are allegations contained in the application and/or mentioned at the PCR hearing about which *absolutely no evidence* is presented" (emphasis added)).  We therefore vacate this ruling.

Following the entry of the PCR court's order of dismissal, Fortune filed a Rule 59(a)(2), SCRCP, motion requesting a new PCR hearing, along with a Rule 59(e), SCRCP, motion requesting that the PCR court alter or amend its order of dismissal.  Fortune subsequently filed a memorandum in support of the motions in which he argued the merits of Issues 2, 4, and 7, among others.  The PCR court found it was unnecessary under Rule 59(f), SCRCP, to hear arguments on Fortune's post-hearing motions, and it summarily denied both motions.  As noted above, the PCR court abused its discretion in declining to address Issues 2, 4, and 7.  Accordingly, we vacate the PCR court's denial of Fortune's Rule 59(e) motion.[2]

---

[2] Fortune's argument that the PCR court erred in denying his motion for a new hearing is abandoned because he failed to present the argument in his appellate brief.  *See State v. Lindsey*, 394 S.C. 354, 364, 714 S.E.2d 554, 559 (Ct. App.

Issue 5 is abandoned because Fortune made a conclusory argument and failed to cite to legal authority in his appellate brief in support of the argument. *See Lindsey*, 394 S.C. at 363, 714 S.E.2d at 558 ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority."); *State v. Addison*, 338 S.C. 277, 285, 525 S.E.2d 901, 906 (Ct. App. 1999) ("Conclusory arguments constitute an abandonment of the issue on appeal."), *aff'd as modified*, 343 S.C. 290, 540 S.E.2d 449 (2000).

Issues 3 and 11 are unpreserved because Fortune failed to raise them to the PCR court at his hearing. *See Kolle v. State*, 386 S.C. 578, 589, 690 S.E.2d 73, 79 (2010) (holding an argument must be raised to and ruled upon by the PCR court in order to be preserved for appellate review). Similarly, Issue 8 is unpreserved because the PCR court failed to rule on it in its order of dismissal and Fortune failed to raise it in his Rule 59(e) motion. *See Burgess*, 402 S.C. at 95, 738 S.E.2d at 265 ("[T]o properly preserve an issue for appellate review, it is incumbent upon a party in a PCR action to [raise the issue in] a Rule 59(e) motion in the event the PCR court fails to make specific findings of fact and conclusions of law regarding an issue.").

The PCR court's rulings on the merits of Issues 6, 9, and 10 are affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Webb v. State*, 281 S.C. 237, 238, 314 S.E.2d 839, 839 (1984) (stating the PCR court's factual findings will be upheld if supported in the appendix by any evidence of probative value); *Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008) ("In post-conviction proceedings, the burden of proof is on the applicant to prove the allegations in his application."); *Taylor v. State*, 404 S.C. 350, 359, 745 S.E.2d 97, 102 (2013) ("[C]ourts evaluate allegations of ineffective assistance of counsel using a two-pronged test."); *id.* ("First, the applicant must demonstrate counsel's representation was deficient, which is measured by an objective standard of reasonableness."); *id.* ("Second, the applicant must demonstrate he was prejudiced by counsel's performance in such a manner that, but for counsel's error, there is a reasonable probability the result of the proceedings would have been different."); *id.* ("A

---

2011) (stating an issue is abandoned on appeal if listed in the statement of issues but not addressed in the brief).

reasonable probability is a probability sufficient to undermine confidence in the outcome." (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984))).

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**[3]

**HUFF, A.C.J., and WILLIAMS and THOMAS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.