This matter is before the Court by way of a notice of appeal from an order denying Petitioner Robin Gray Reese's application **109 for post-conviction relief (PCR). At the conclusion of the trial of this PCR case, the circuit court took the decision on the merits under advisement and directed both the State and Reese to prepare proposed orders. The circuit court eventually signed the order prepared by the State and denied all claims for relief. In preparing the order, however, the State did not address each of Reese's claims, and did not include specific findings of fact or conclusions of law on any of Reese's claims. Nevertheless, the circuit court signed the order. As the law requires when a PCR order does not contain specific findings of *377 fact and conclusions of law, Reese's PCR counsel filed a motion pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. See Marlar v. State , 375 S.C. 407, 410, 653 S.E.2d 266, 267 (2007) (holding, "a Rule 59(e) motion must be filed if issues are not adequately addressed" in the PCR order). In the motion, PCR counsel explained the "Order of Dismissal does not contain specific findings of fact and conclusions of law regarding each of the claims presented at the evidentiary hearing, as required by S.C. Code Ann. § 17-27-80 (2014)." Nevertheless, the circuit court summarily denied the motion, stating only, "Applicant's Motion Pursuant to Rule 59(e) SCRCP to Amend is DENIED."
In her petition for a writ of certiorari, Reese requested a remand to the circuit court and asked this Court to require the circuit court to prepare an order that complies with section 17-27-80 and Rule 52(a) of the South Carolina Rules of Civil Procedure. Rather than filing a return to Reese's petition, the State filed a motion to remand the case for detailed findings of fact and conclusions of law, conceding a remand would be appropriate in light of the PCR order's patent inadequacies. We grant the State's motion.
This is not the first time this Court has raised concerns over orders prepared by the State that do not comply with section 17-27-80 and Rule 52(a). Twenty-six years ago in Pruitt v. State , 310 S.C. 254, 423 S.E.2d 127 (1992), we stated,
We take this opportunity to express our concern with the increasing number of orders in PCR proceedings that fail to address the merits of the issues raised by the applicant. Not only does this deprive the parties of rulings on the issues raised, but it makes review by the appellate court more difficult and ultimately increases the work load of all involved **110 where, as in this case, a new hearing is required to secure the rulings which should have been made initially. Counsel preparing proposed orders should be meticulous in doing so, opposing counsel should call any omissions to the attention of the PCR judge prior to issuance of the order, and the PCR judge should carefully review the order prior to signing it. Even after an order is filed, counsel has an obligation to review the order and file a Rule 59(e), SCRCP, motion to alter or amend if the order fails to set forth the findings and the reasons for those findings as required by § 17-27-80 and Rule 52(a), SCRCP.
310 S.C. at 255-56, 423 S.E.2d at 128 ; see also Smalls v. State , 422 S.C. 174, 195, 810 S.E.2d 836, 847 (2018) (holding "the PCR court ... did not make specific findings"); Ramirez v. State , 419 S.C. 14, 21 n.6, 795 S.E.2d 841, 845 n.6 (2017) (finding error because "there are no findings of fact contained within the PCR court's order to support its conclusion"); Simmons v. State , 416 S.C. 584, 592, 788 S.E.2d 220, 225 (2016) (holding, "The PCR court's general denial of all claims not specifically addressed in the PCR court's order 'does not constitute a sufficient ruling on any issues since it does not set forth specific findings of fact and conclusions of law.' " (quoting Marlar , 375 S.C. at 409, 653 S.E.2d at 266 ) ); Tappeiner v. State , 416 S.C. 239, 249 n.5, 785 S.E.2d 471, 476 n.5 (2016) (reiterating "the PCR court is required to 'make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented' " (quoting section 17-27-80 ) ); Marlar , 375 S.C. at 408, 653 S.E.2d at 266 (holding, "Pursuant to S.C. Code Ann. § 17-27-80..., the PCR judge must make specific findings of fact and state expressly the conclusions of law relating to each issue presented."); Marlar , 375 S.C. at 410, 653 S.E.2d at 267 ("reiterat[ing] our admonition" from Pruitt ); Hall v. Catoe , 360 S.C. 353, 364-65, 601 S.E.2d 335, 341 (2004) (repeating our admonition from Pruitt ); Bryson v. State , 328 S.C. 236, 236-37, 493 S.E.2d 500, 500 (1997) ("remand[ing] this matter to the post-conviction relief judge to make specific findings of fact and conclusions of law as to each issue"); McCullough v. State , 320 S.C. 270, 272, 464 S.E.2d 340, 341 (1995) (repeating our admonition from Pruitt , and finding it "necessary to vacate the order and remand this matter to the circuit court" and further "admonish[ing] all **111 those involved in future PCR matters to be meticulous in preparing and reviewing proposed orders so that the final order sets forth the required findings and *378 reasons for those findings"); McCray v. State , 305 S.C. 329, 330, 408 S.E.2d 241, 241 (1991) (finding "[t]he PCR court's conclusions regarding ineffective assistance are insufficient for appellate review and fail to meet the standard set forth in [ section 17-27-80 ]").
We find the circuit court erred by signing the PCR order and in denying Reese's Rule 59(e) motion. We vacate both orders, remand the case to the circuit court for the entry of a new PCR order that complies with the law, and dismiss this appeal. The new PCR order shall be entered within thirty days. The circuit court must notify the Clerk of this Court in writing that it has complied with our directive in a timely manner. Following the issuance of a legally sufficient PCR order and a ruling on any Rule 59(e) motion that may thereafter be filed, the aggrieved party may serve and file a new notice of appeal.
/s/ Donald W. Beatty, C.J.
/s/ John W. Kittredge, J.
/s/ Kaye G. Hearn, J.
/s/ John Cannon Few, J.
/s/ George C. James, Jr., J.