**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Antwan D. McMillan, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-000970

Appeal From Colleton County
Diane Schafer Goodstein, Circuit Court Judge

Unpublished Opinion No. 2022-UP-259
Heard March 9, 2022 – Filed June 8, 2022

**AFFIRMED AS MODIFIED**

James Arthur Brown, Jr., of Law Offices of Jim Brown, P.A., of Beaufort; and Matthew D. Adkins, of Lloyd D. Murray, Sr., Attorney at Law, of Richmond Hill, Georgia, both for Petitioner.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

**PER CURIAM:** In this appeal from the denial of an application for post-conviction relief (PCR), Antwan D. McMillan argues the PCR court erred in

finding trial counsel was not ineffective for failing to request additional voir dire when juror information the clerk's office provided to trial counsel omitted a seated juror's disclosure that her husband was a reserve deputy for Colleton County Sheriff's Office, which investigated McMillan's case. We affirm as modified.

McMillan's charges arose from an attempted armed robbery and shooting involving three victims that occurred off an interstate exit in Colleton County. A Colleton County grand jury indicted McMillan for three counts of attempted murder, three counts of attempted armed robbery, and possession of a weapon during the commission of a violent crime. At trial,[1] all three victims testified that while they were stopped at the exit with their disabled vehicle, a car sped up to where they were parked and a man, whose face was obscured by a covering, got out of the car and approached one of the victims with a gun, yelling at her in a threatening manner. One of the other victims, an active duty member of the U.S. Army, testified there were three individuals in the car. He stated that in response to the threat, he drew his pistol and told the man with the gun, "Get back in your car and drive away." The victim recalled the man turned towards him and pointed his gun at him. The victim testified he fired his weapon two or three times and when the man did not lower his weapon, he shot an additional two or three times. All three victims recalled gunshots being fired in their direction, striking their vehicles. The victim who drew his weapon testified the gunshots fired at them came from both the direction of the man who approached them and the front area of the car. The victims were unable to identify the man who approached them with the gun or the other two individuals in the car.

Prior to McMillan's trial, the Colleton County Clerk of Court's Office provided trial counsel with a compilation of responses it received from juror questionnaires. This compilation, however, did not include a seated juror's disclosure that her husband served as a reserve deputy for the Colleton County's Sheriff's Office. During voir dire, the trial court asked, *inter alia*, whether any member of the jury pool was related by blood, connected by marriage, or a close personal friend of any of the potential witnesses; was a member of or a contributor to any group primarily concerned with the promotion of law enforcement or victim's rights; or knew anything whatsoever about the allegations against McMillan and Jakes. The juror did not respond in the affirmative to any of these questions. McMillan's counsel did not request voir dire inquiring whether any member of the jury pool was related by blood or marriage to a member of law enforcement.

---

[1] McMillan was tried jointly with his codefendant, David Jakes.

During trial, after several witnesses had testified, the juror brought her husband's status as a reserve deputy to the trial court's attention. The trial court inquired as to the juror's partiality. When asked whether her husband's employment with the Colleton County Sheriff's Office would "in any way affect" her ability to give the State and McMillan "a fair and impartial trial," the juror stated that it would not. Over McMillan's objection, the trial court declined to excuse the juror. The jury convicted McMillan of three counts of the lesser-included offense of first-degree assault and battery, three counts of attempted armed robbery, and possession of a weapon during the commission of a violent crime. The trial court sentenced McMillan to an aggregate sentence of thirty years' imprisonment.

We decline to address the question of whether McMillan's counsel was deficient. Instead, we proceed directly to the question of prejudice. *See Strickland v. Washington*, 466 U.S. 668, 700 (1984) ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.").

We find evidence supports the PCR court's finding McMillan failed to demonstrate he was prejudiced by trial counsel's alleged deficient performance. *See Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008) ("In post-conviction proceedings, the burden of proof is on the applicant to prove the allegations in his application."); *Mangal v. State*, 421 S.C. 85, 91, 805 S.E.2d 568, 571 (2017) ("We defer to a PCR court's findings of fact and will uphold them if there is any evidence in the record to support them."); *id.* ("We do not defer to a PCR court's rulings on questions of law."); *Speaks*, 377 S.C. at 399, 660 S.E.2d at 514 ("[T]o establish a claim for ineffective assistance of counsel, the applicant must show that: (1) counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) counsel's deficient performance prejudiced the applicant's case."); *Taylor v. State*, 404 S.C. 350, 359, 745 S.E.2d 97, 102 (2013) (holding to establish prejudice, an applicant must show that "but for counsel's error, there is a reasonable probability the result of the proceedings would have been different"); *id.* ("A reasonable probability is a probability sufficient to undermine confidence in the outcome." (quoting *Strickland*, 466 U.S. at 694)). This was not a case of juror nondisclosure because the juror voluntarily disclosed this information on two occasions—once before trial and once during trial. Thus, the prejudice analysis must focus on whether the juror was biased or partial due to her husband's status as a reserve deputy. *See State v. Coaxum*, 410 S.C. 320, 327, 764 S.E.2d 242, 245 (2014) ("All criminal defendants have the right to a trial by an impartial jury." (quoting *State v. Woods*, 345 S.C. 583, 587, 550 S.E.2d 282, 284 (2001))); *State v. Burgess*, 391 S.C. 15, 18, 703 S.E.2d 512, 514 (Ct. App. 2010)

("There is no rule of the common law, nor is there a statute disqualifying a juror on account of his relationship to a witness, either by affinity or consanguinity, within any degree." (quoting *State v. Hilton*, 87 S.C. 434, 439, 69 S.E. 1077, 1078 (1910))); *cf. Coaxum*, 410 S.C. at 330, 764 S.E.2d at 247 (holding when there is an unintentional *nondisclosure* by a juror, the trial court must "consider how material the information would have been to the parties in exercising their peremptory challenges"). The trial court inquired as to the juror's partiality, and the juror stated her husband's status as a reserve deputy would not affect her ability to give the State and McMillan a fair and impartial trial. The juror was not related by blood, connected by marriage, or a close personal friend of any of the potential witnesses; was not a member of or a contributor to any group primarily concerned with the promotion of law enforcement or victim's rights; and did not know anything whatsoever about the allegations against McMillan and Jakes prior to trial. We conclude the foregoing constitutes evidence to support the PCR court's finding that McMillan failed to show there was a reasonable probability the outcome of trial would have been different but for trial counsel's failure to request additional voir dire as to whether any potential jurors were related to a law enforcement officer.

Although we affirm the PCR court's conclusion trial counsel was not ineffective, we conclude evidence does not support the PCR court's finding that overwhelming evidence precluded a finding of prejudice. *See Smalls v. State*, 422 S.C. 174, 190, 810 S.E.2d 836, 844 (2018) ("In rare cases, using 'overwhelming evidence' as a categorical bar to preclude a finding of prejudice is not error."). At trial, none of the three victims were able to identify McMillan as the man who approached them with a gun or one of the two individuals who remained in the car during the incident. Although McMillan's coconspirator testified at trial and implicated McMillan in the shooting, his testimony presented credibility issues because he was also charged in the crime and awaiting trial. Evidence showed the vehicle used in the shooting was registered to McMillan's mother, and DNA and fingerprint evidence showed McMillan had been in the car at some point. This evidence, however, did not demonstrate his guilt because it did not conclusively show McMillan was present in the car when the incident occurred. None of the foregoing evidence—even when taken together—conclusively established McMillan's guilt. Thus, we conclude no evidence supports the PCR court's finding that overwhelming evidence demonstrated McMillan's guilt. *See id.* at 191, 810 S.E.2d at 845 ("[F]or the evidence to be 'overwhelming' such that it categorically precludes a finding of prejudice . . . the evidence must include something conclusive, such as a confession, DNA evidence demonstrating guilt, or a combination of physical and corroborating evidence so strong that the *Strickland* standard of 'a reasonable probability . . . the factfinder would have had a reasonable

doubt' cannot possibly be met." (last alteration in original) (citations omitted)). We therefore affirm as modified the PCR court's order denying McMillan's PCR application.

As to McMillan's argument trial counsel's alleged deficient performance constituted a structural error that rendered the proceedings fundamentally unfair, we find this issue is not preserved for appellate review because it was not raised to or ruled upon by the PCR court. *See Pruitt v. State*, 310 S.C. 254, 255 n.2, 423 S.E.2d 127, 128 n.2 (1992) (holding in order to be preserved for appellate review, "issues must be raised to, and ruled on by, the [PCR court]").

For the foregoing reasons, the PCR court's order is

**AFFIRMED AS MODIFIED.**

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**