**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jarret Graddick, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2019-000448

Appeal From Charleston County
G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2023-UP-323
Submitted September 1, 2023 – Filed October 4, 2023

**AFFIRMED**

Appellate Defender Jessica M. Saxon, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia, for Respondent.

**PER CURIAM:** This court granted certiorari to review the post-conviction relief (PCR) court's finding that Petitioner failed to prove his *Alford*[1] pleas to two counts

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

of armed robbery and three counts of kidnapping were involuntary as a result of the plea court's allegedly coercive statements during his plea hearing. We affirm.

We find that the plea court's statements did not coerce Petitioner to plead guilty pursuant to *Alford* because the plea court stated multiple times that Petitioner would be sentenced to life without the possibility of parole (LWOP) *only if* Petitioner declined the plea offer *and* was convicted at trial. Because Petitioner was previously convicted of armed robbery—a "most serious offense"—and because the State had previously filed its notice of intent to seek LWOP if Petitioner were to be convicted at trial, we find the plea court's statements were an accurate statement of South Carolina law, and therefore, were not coercive. *See* S.C. Code Ann. § 17-25-45(A)(1)(a) (2014) (stating that a conviction for a second "most serious offense" carries a mandatory sentence of LWOP); S.C. Code Ann. § 17-25-45(C)(1) (Supp. 2022) (defining both armed robbery and kidnapping as a "most serious offense"); S.C. Code Ann. § 17-25-45(G) (2014) ("The decision to invoke sentencing under [section 17-25-45(A)(1)(a)] is in the discretion of the solicitor."); S.C. Code Ann. § 17-25-45(H) (2014) (requiring a solicitor who intends to seek a sentence of LWOP under section 17-25-45(A)(1)(a) to provide written notice to the defendant and his counsel no less than ten days before trial).

We also find Petitioner's argument concerning whether the plea court properly advised him of the elements of armed robbery and kidnapping is not preserved for appellate review because Petitioner failed to raise this argument to the PCR court in his PCR application or at the PCR hearing. *See Pruitt v. State*, 310 S.C. 254, 255 n.2, 423 S.E.2d 127, 128 n.2 (1992) (explaining that in order to be preserved for review, "issues must be raised to, and ruled on by, the [PCR court]").

Accordingly, we find probative evidence supports the PCR court's finding that Petitioner failed to prove his *Alford* pleas to two counts of armed robbery and three counts of kidnapping were involuntary. *See Sellner v. State*, 416 S.C. 606, 610, 787 S.E.2d 525, 527 (2016) (holding a reviewing court "will uphold [the factual findings of the PCR court] if there is any evidence of probative value to support them").

**AFFIRMED.**[2]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.