23151

The STATE, Respondent v. Curtis JACKSON, Appellant.
(389 S. E. (2d) 654)

Supreme Court

*Thomas A. Bound* and *Wayne Floyd,* West Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Norman Mark Rapoport,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent.*

Heard Sept. 20, 1989.

Decided Feb. 5, 1990.

TOAL, Justice:

On December 10, 1987, Curtis Jackson was tried in his absence and convicted of possession of cocaine with intent to distribute and resisting arrest. We reverse and remand for a new trial.

Jackson contends that the trial court erred in failing to instruct the jury that his absence could not be used as an inference of guilt against him. We agree.

When a defendant is tried *in absentia*, the trial court should instruct the jury that the defendant's failure to appear may not be construed as an admission of guilt. We hereby overrule *State v. Johnson*, 213 S. C. 241, 49 S. E. (2d) 6 (1948), to the extent that it is in consistent with this opinion.

Having reversed the lower court on this issue, we need not address Jackson's remaining exception.

Reversed and remanded.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.