738 S.E.2d 264

**Tommy BURGESS, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**Appellate Case No. 2010–155115.**

**No. 5091.**

Court of Appeals of South Carolina.

Heard Jan. 10, 2013.

Decided Feb. 20, 2013.

Attorney General Alan Wilson, Assistant Attorney General Mary S. Williams, and Assistant Attorney General Megan E. Harrigan, all of Columbia, for Petitioner.

Appellate Defender Robert M. Pachak, of Columbia, for Respondent.

WILLIAMS, J.

In this post-conviction relief (PCR) case, this court granted the State's petition for writ of certiorari to review the PCR court's order granting Tommy Burgess a new trial. The State argues the PCR court erred in failing to determine whether Burgess was prejudiced by his counsel's failure to request a jury charge regarding Burgess's absence from his criminal trial. We affirm.

## FACTUAL/PROCEDURAL HISTORY

In 2002, Burgess proceeded to trial on charges of distribution of marijuana and distribution of marijuana within proximity of a school. After jury selection, Burgess was permitted to remain free on bond and when he did not return following a brief recess, he was tried in absentia. During closing arguments, the State did not mention Burgess's absence. However, Burgess's counsel did, stating as follows:

> Of course, [Burgess] doesn't have to present anything. The State has the burden of proof. He is innocent. He doesn't have to testify. He doesn't have to present any evidence at all. As a matter of fact, he was here yesterday, whatever. He was having a trial. Obviously, he's telling you I didn't do this or whatever. That's his position on this. And the State has got to prove to you that he did do this. If he were here, he wouldn't have to get up there and testify or do anything. He didn't have to present any evidence. The State has to do that.

After closing arguments, the circuit court charged the jury. The circuit court instructed the jury on the State's burden of proof and explained that Burgess was not required to testify in his own defense nor could the jury infer or draw conclusions from the fact that he did not testify. However, the circuit court did not explicitly inform the jury that, pursuant to *State v. Jackson*,[1] they could not construe Burgess's absence as an admission of guilt. Burgess's trial counsel did not object or request any additional charges. During deliberations, the

1. 301 S.C. 49, 389 S.E.2d 654 (1990).

jury asked two factual questions but made no inquiry concerning Burgess's absence. The jury convicted Burgess on both counts and the circuit court's sentence was sealed.

Almost three years later, Burgess was found, arrested, and brought before the circuit court for sentencing. Burgess was sentenced to five years' imprisonment for distribution within proximity and fifteen years' imprisonment for distribution, third offense. Burgess did not file a direct appeal.

Burgess filed an application for PCR, arguing, inter alia, that his trial counsel erred in failing to request a *Jackson* charge. At the PCR hearing, Burgess's trial counsel testified he did not recall requesting a *Jackson* charge but stated he did not think it was important because the "bell [had] rung." Additionally, trial counsel explained he felt he did an adequate job explaining and emphasizing reasonable doubt and Burgess's right to remain silent during closing arguments. According to trial counsel, he believed no further instructions were necessary because "if we are having this trial, obviously he's telling you he didn't do this." The PCR court granted Burgess a new trial based on its finding that Burgess's counsel was ineffective in failing to request a *Jackson* charge. Specifically, the PCR court ruled as follows:

> The Applicant was convicted of the charges in absentia and in accordance with ... *State v. Jackson*, 301 S.C. 49 [389 S.E.2d 654], the trial attorney failed to object to the jury's instructions which did not include language regarding the Applicant'[s] absence from this trial and whether or not his absence could be held against him with respect to delivering a verdict in this matter and as such his case should be remanded for a new trial in the General Sessions Court.

The State petitioned for a writ of certiorari, and this court granted the petition.

## LAW/ANALYSIS

The State argues the PCR court erred in finding trial counsel was ineffective in failing to request a *Jackson* charge. Specifically, the State maintains the PCR court failed to undertake an analysis of whether Burgess was prejudiced and, had the PCR court done so, Burgess failed to meet his burden. We hold that the State's argument is not preserved for appellate review because the State failed to file a Rule 59(e),

SCRCP, motion asking the PCR court to specifically determine whether Burgess suffered prejudice as the result of his trial counsel's deficient performance.

In *Marlar v. State*, 375 S.C. 407, 653 S.E.2d 266 (2007), the PCR court disposed of several of the applicant's allegations as follows:

> As to any allegations raised in the application or at the hearing not specifically addressed by this Order, this Court finds that the applicant failed to present any evidence regarding such allegations. Accordingly, this Court finds that the applicant failed to meet his burden of proof regarding them. Therefore, any and all allegations not specifically addressed in this Order are hereby denied and dismissed.

*Id.* at 409, 653 S.E.2d at 266. Our supreme court held that this paragraph did not constitute a "sufficient ruling on any issues since it does not set forth specific findings of fact and conclusions of law." *Id.* Accordingly, the supreme court found that this court erred in addressing the merits of Marlar's PCR application. *Id.* at 410, 653 S.E.2d at 267. The supreme court emphasized that to properly preserve an issue for appellate review, it is incumbent upon a party in a PCR action to file a Rule 59(e) motion in the event the PCR court fails to make specific findings of fact and conclusions of law regarding an issue. *Id.*

In the instant case, the PCR court's ruling contains greater detail than that in *Marlar* but is nevertheless lacking sufficient findings of fact and conclusions of law. Among other things, the PCR court failed to address whether Burgess suffered any prejudice as the result of his counsel's deficient performance. Because the State failed to file a Rule 59(e) motion asking the PCR court to make specific findings of fact and conclusions of law regarding the prejudice prong, we find the issue on appeal is not preserved for our review. Accordingly, we affirm the PCR court's order.

**AFFIRMED.**

FEW, C.J., and PIEPER, J., concur.