745 S.E.2d 377

Jason KELLY, Petitioner,

v.

STATE of South Carolina, Respondent.

Appellate Case No. 2013–001079.

Supreme Court of South Carolina.

June 20, 2013.

ORDER

Petitioner has filed a notice of appeal from an order denying his third application for post-conviction relief as successive and untimely. Petitioner argued to the circuit court and now argues to this Court in the explanation required by Rule 243(c), SCACR, that his application should not have been dismissed in light of the United States Supreme Court's recent decision in *Martinez v. Ryan*, — U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012).

In *Martinez*, the "precise question" addressed by the United States Supreme Court is "whether ineffective assistance in an initial review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default *in a federal habeas proceeding.*" *Martinez*, 132 S.Ct. at 1315. (Emphasis added). The Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a *federal habeas court* from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 132 S.Ct. at 1320. (Emphasis added). The Court went on to set forth the requirements that must be met to overcome the procedural default in a federal habeas action. *Martinez*, 132 S.Ct. at 1318–19.

Like other states, we hereby recognize that the holding in *Martinez* is limited to federal habeas corpus review and is not applicable to state post-conviction relief actions. *See State v.*

*Travis,* 2013 WL 1196332 (Del.Super.Ct.2013) (finding the holding in *Martinez* is "limited only to that narrow procedural situation under federal law concerning *habeas corpus.*"); *Gore v. State,* 91 So.3d 769 (Fla.2012) ("It appears that *Martinez* is directed toward federal habeas proceedings and is designed and intended to address issues that arise in that context.... *Martinez* provides Gore with no basis for relief in this Court."); *People v. Blackmon,* 2013 IL App (1st) 111908–U, 2013 WL 2145922 (2013) (finding Blackmon's reliance on *Martinez* in attempting to file a successive state PCR application misplaced because *Martinez* applies to federal habeas review); *Logan v. State,* 377 S.W.3d 623 (Mo.Ct.App.2012) ("The limited holding of *Martinez,* while having the potential to aid Logan should he file a future federal habeas action, does not afford Logan a second chance at obtaining relief through a [state post-conviction relief] proceeding."); *Rowell v. State,* 2013 WL 1501618 (Nev.2013) ("[A]ppellant's reliance upon *Martinez* was misplaced as *Martinez* relates to federal procedural bars and not state procedural bars. Thus, the holding in *Martinez* would not provide good cause because it is inapplicable in state court."); *Commonwealth v. Saunders,* 60 A.3d 162 (Pa.Super.Ct.2013). As such, petitioner's contention that, based on *Martinez,* the circuit court erred in dismissing petitioner's third application for post-conviction relief as successive is without merit. The notice of appeal in this matter is therefore dismissed. Rule 243(c), SCACR.

/s/Jean H. Toal, C.J.

/s/Costa M. Pleicones, J.

/s/Donald W. Beatty, J.

/s/John W. Kittredge, J.

/s/Kaye G. Hearn, J.
FOR THE COURT