THE STATE OF OHIO, APPELLEE, *v*. JOHNSON, APPELLANT.

[Cite as *State v. Johnson,* 138 Ohio St.3d 282, 2014-Ohio-770.]

*Criminal law—Presentence-investigation reports—R.C. 2951.03 and 2953.08—*
*Right of appointed appellate counsel to view report.*

(No. 2013-0332—Submitted January 8, 2014—Decided March 5, 2014.)

CERTIFIED by the Court of Appeals for Butler County, No. CA2011-11-0212.

_____

O'DONNELL, J.

{¶ 1} The Twelfth District Court of Appeals has certified a conflict with a decision of the Fourth District Court of Appeals in *State v. Jordan*, 4th Dist. No. 03CA2878 (Nov. 17, 2003), on the following question: "[w]hether, pursuant to R.C. 2951.03, newly-appointed appellate counsel is entitled to obtain a copy of the defendant's presentence investigation report." 135 Ohio St.3d 1411, 2013-Ohio-1622, 986 N.E.2d 28.

{¶ 2} R.C. 2951.03(D)(1) permits a "defendant's counsel" to "inspect, receive copies of, retain copies of, and use a presentence investigation report * * * only for the purposes of or only as authorized by * * * division (F)(1) of section 2953.08." Because the term "defendant's counsel" as used in R.C. 2951.03(D)(1) encompasses both a defendant's trial counsel and a defendant's appellate counsel and because the statute does not restrict access to the report to a defendant's trial counsel, we answer the certified question in the affirmative and reverse the judgment of the court of appeals, which had denied Johnson's newly appointed appellate counsel the opportunity to view the presentence investigation report. Therefore, we order the appellate court to provide appellate counsel access to the report subject to similar restrictions as contained in R.C. 2951.03 and 2953.08(F)(1) and any further directives of the appellate court.

**Factual Background and Procedural History**

{¶ 3}   Donald Lee Johnson pled no contest to aggravated robbery and an accompanying firearm specification, robbery, and aggravated possession of drugs. At Johnson's disposition hearing, the trial court stated that it "had a chance to review and consider * * * a presentence investigation report" and proceeded to impose an aggregate sentence of 13 years' imprisonment, $19,000 in fines, and a mandatory term of five years of postrelease control.

{¶ 4}   Johnson appealed his sentence, and his newly appointed appellate counsel moved to view and supplement the record with the presentence investigation report to further investigation of the propriety of Johnson's sentence and fines.   The state opposed the motion, and thereafter the Twelfth District granted the motion to supplement but denied the motion to disclose the report to Johnson's appellate counsel, stating that "[n]o provision of [R.C. 2951.03(D)(1)] permits disclosure of a presentence investigation report to counsel after the defendant has been sentenced."

{¶ 5}   On appeal to this court, Johnson asserts that his rights to due process and effective assistance of counsel require that appellate counsel have access to the presentence investigation report so that counsel can determine potential assignments of error on appeal and also contends that the definition of "the defendant's counsel" includes the defendant's attorney on appeal.   Johnson further asserts that reading R.C. 2951.03(D)(1) in pari materia with R.C. 2953.08(F)(1) indicates the legislature's intent to allow a defendant to meaningfully challenge his sentence on appeal, which requires that the defendant and his counsel have access to the same information that is available to the state, trial court, and appellate court.

{¶ 6}   The state counters that pursuant to the plain language of R.C. 2951.03, a defendant and his counsel are permitted to review the presentence investigation report only prior to the sentence.   It further maintains that the

legislature did not intend for appellate counsel on either side to access the report, because the statute refers to "[t]he court" and the "appellate court" but does not refer to "appellate counsel" when stating "the defendant, the defendant's counsel, [and] the prosecutor," it requires all copies of the report be returned to the court after imposition of sentence, and it provides that the report is confidential and must be placed under seal. Additionally, the state asserts that Johnson's constitutional rights are not violated if his counsel cannot view the report on appeal, because neither party has access to the report pending appeal, appellate counsel can challenge the defendant's sentence by using the transcript of the sentencing hearing, which would include any errors and corrections to the report that the defendant had highlighted, and the appellate court is required to examine the presentence investigation report when reviewing the sentence.

{¶ 7} Thus, the issue is whether appellate counsel who was not trial counsel may obtain a copy of the presentence investigation report for purposes of representing Johnson on appeal.

### Law and Analysis

{¶ 8} R.C. 2951.03(A)(1) provides, "No person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court." The report must address the circumstances of the offense; the criminal record, social history, and present condition of the defendant; and, possibly, the victims' statements regarding the impact of the offense. *Id.*

{¶ 9} R.C. 2951.03 permits access to the report in certain circumstances. Specifically, R.C. 2951.03(B)(1) provides that "the court, at a reasonable time before imposing sentence, shall permit the defendant or the defendant's counsel to read the report," with some exceptions. Moreover, pursuant to R.C. 2951.03(B)(2), "[p]rior to sentencing, the court shall permit the defendant and the defendant's counsel to comment on the presentence investigation report and, in its

discretion, may permit the defendant and the defendant's counsel to introduce testimony or other information that relates to any alleged factual inaccuracy contained in the report."

{¶ 10} R.C. 2951.03(D)(1) provides that the contents of a presentence investigation report "are confidential information and are not a public record." But the defendant and the defendant's counsel may seek access to the report pursuant to R.C. 2951.03(D)(1), which provides:

> The court, an appellate court, * * * the defendant, the defendant's counsel, the prosecutor who is handling the prosecution of the case against the defendant, * * * may inspect, receive copies of, retain copies of, and use a presentence investigation report * * * only for the purposes of or only as authorized by Criminal Rule 32.2 or this section, division (F)(1) of section 2953.08, section 2947.06, or another section of the Revised Code.

{¶ 11} Moreover, in accordance with R.C. 2951.03(D)(2), the defendant, the defendant's counsel, and the prosecutor may not make copies of the report and must return all copies of the report to the court "[i]mmediately following the imposition of sentence upon the defendant," and, pursuant to R.C. 2951.03(D)(3), the "court or other authorized holder of the report * * * shall retain the report * * * under seal," except when it is being used for specified purposes.

{¶ 12} R.C. 2953.08(F)(1) provides that a presentence investigation report is part of the record to be reviewed on an appeal of a sentence under that statute; it also provides that during such an appeal, an appellate court must comply with R.C. 2951.03(D)(3) when not using the report and that the appellate court's use of the report does not affect the otherwise confidential nature of its contents or make it a public record.

**{¶ 13}** Construing R.C. 2951.03 and 2953.08(F)(1) to preclude appellate counsel from accessing the presentence investigation report may implicate constitutional concerns of due process and/or the right to effective assistance of appellate counsel on a first appeal as of right. *See generally Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) ("A first appeal as of right * * * is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney"); *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, 797 N.E.2d 948, ¶ 33 ("A convicted defendant is entitled to the effective assistance of counsel on his first appeal as of right"). More specifically, barring appellate counsel from accessing a presentence investigation report relied upon by the trial court would deny an appellant "a fair opportunity to obtain an adjudication on the merits of his appeal," *Evitts* at 405, because it would restrain counsel's ability to fully investigate and determine potential issues for appeal.

**{¶ 14}** Because of concerns for due process and the right to effective assistance of counsel on an appeal, and because the term "defendant's counsel" as used in R.C. 2951.03(D)(1) includes both a defendant's trial counsel and a defendant's appellate counsel, we answer the certified question in the affirmative and permit newly appointed appellate counsel to have access to a presentence investigation report upon a proper showing therefor, subject to similar restrictions as contained in R.C. 2951.03 and 2953.08(F)(1) and any further directives of the appellate court.

### Conclusion

**{¶ 15}** Because we conclude that Johnson's appellate counsel may have access to the presentence investigation report pursuant to R.C. 2951.03 pursuant to a demonstration of need therefor, we reverse the judgment of the Twelfth District Court of Appeals and order the appellate court to provide Johnson's appellate counsel access to the presentence investigation report subject to similar

restrictions as contained in R.C. 2951.03 and 2953.08(F)(1) and any further directives of the appellate court.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., concurs in judgment only.

_____

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster Jr., Chief, Appellate Division, and Lina N. Alkamhawi, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and E. Kelly Mihocik, Assistant Public Defender, for appellant.

_____