**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Carmen Latrice Rice, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2011-199412

———————————

Appeal From Richland County
James R. Barber III, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-191
Submitted March 18, 2015 – Filed April 8, 2015

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant
Attorney General James Clayton Mitchell III, both of
Columbia, for Respondent.

———————————

**PER CURIAM:** Carmen Rice was convicted of murder and armed robbery. The trial court sentenced Rice to concurrent sentences of life imprisonment for murder and thirty years' imprisonment for armed robbery. Following her conviction, Rice filed an application for post-conviction relief (PCR). The PCR court denied relief,

and this court granted Rice's petition for writ of certiorari.  Rice appeals the PCR court's denial of her PCR application, arguing the PCR court erred by (1) ruling that Arletta Frierson's statement constituted inadmissible hearsay, (2) not making findings of fact and conclusions of law as to the allegation that La Shawn Roberts' testimony constituted newly discovered evidence, and (3) not making findings of fact and conclusions of law regarding whether trial counsel was ineffective for failing to call Frierson as a witness.  We affirm.

1.      We find unpreserved the issues of (1) whether Frierson's testimony was admissible at the PCR hearing under Rule 801(d)(1)(A), SCRE, as a prior inconsistent statement and (2) whether the PCR court erred by not making findings of fact and conclusions of law as to the allegation that Roberts' testimony constituted newly discovered evidence.  *See Burgess v. State*, 402 S.C. 92, 95, 738 S.E.2d 264, 265 (Ct. App. 2013) ("The [South Carolina] [S]upreme [C]ourt emphasized that to properly preserve an issue for appellate review, it is incumbent upon a party in a PCR action to file a Rule 59(e)[, SCRCP,] motion in the event the PCR court fails to make specific findings of fact and conclusions of law regarding an issue.").  Additionally, we find Rice's reliance on *Martinez*[1] unpersuasive because "the holding in *Martinez* is limited to federal habeas corpus review and is not applicable to state [PCR] actions."  *See Kelly v. State*, 404 S.C. 365, 365, 745 S.E.2d 377, 377 (2013).

2.      We find the PCR court's decision that trial counsel was not ineffective for failing to call Frierson as a witness at trial is supported by the evidence.  *See Taylor v. State*, 404 S.C. 350, 359, 745 S.E.2d 97, 101 (2013) ("On appeal in a PCR action, this [c]ourt applies an 'any evidence' standard of review."); *Shumpert v. State*, 378 S.C. 62, 66, 661 S.E.2d 369, 371 (2008) ("A PCR court's findings will be upheld on review if there is any evidence of probative value supporting them.").  During Rice's trial, Iris Bryant testified regarding Rice's involvement in a murder.  Bryant testified she and Rice were with Bernard Brennan (Victim) on the night Victim was murdered.  According to Bryant, Victim drove her and Rice to a secluded road, and Rice shot Victim from the back seat of the vehicle.  Alana Quattlebaum testified at trial that she was incarcerated with Frierson and Bryant.  Quattlebaum claimed Bryant told her and Frierson that Rice did not have anything to do with the crime.  Trial counsel did not call Frierson to testify at trial.  At the

---

[1] *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

PCR hearing, Frierson proffered testimony that Bryant told her that Rice "had nothing to do with" Victim's murder.

Even assuming trial counsel was deficient for failing to call Frierson, Rice failed to show prejudice. *See Southerland v. State*, 337 S.C. 610, 616, 524 S.E.2d 833, 836 (1999) (stating in order to obtain PCR relief for ineffective assistance of counsel, "[f]irst, the burden of proof is upon petitioner to show that counsel's performance was deficient as measured by the standard of reasonableness under prevailing professional norms. Second, the petitioner must prove that he or she was prejudiced by such deficiency to the extent of there being a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (emphasis omitted)).

Through Quattlebaum's testimony, the jury was informed that Bryant admitted Rice did not have anything to do with the crime. Accordingly, Frierson's testimony would have been merely cumulative, and trial counsel was not ineffective. *See Edwards v. State*, 392 S.C. 449, 459, 710 S.E.2d 60, 66 (2011) ("We previously have held where evidence produced during PCR proceedings is cumulative to or does not otherwise aid evidence introduced at trial, no prejudice results from counsel's failure to bring it forward.").

**AFFIRMED.**[2]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.