**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Michael L. Witcher, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2011-188050

---

Appeal From Anderson County
J.C. Nicholson, Jr., Circuit Court Judge
J. Cordell Maddox, Post-Conviction Relief Judge

---

Unpublished Opinion No. 2015-UP-336
Heard April 13, 2015 – Filed July 1, 2015

---

**AFFIRMED**

---

Attorney General Alan McCrory Wilson and Assistant Attorney General John Walter Whitmire, both of Columbia, for Petitioner.

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Respondent.

---

**PER CURIAM:** The State appeals the partial grant of post-conviction relief (PCR) to Michael Witcher, arguing the PCR court erred in determining it was improper

for a court in Anderson County to revoke Witcher's probation on a Greenville County conviction.  Specifically, the State argues venue was proper in either Anderson or Greenville County because the evidence in the record demonstrates the probation violation occurred in Anderson County.  *See* S.C. Code Ann. § 24-21-460 (2007) (stating that upon arrest for a probation violation, "the court, or the court within the venue of which the violation occurs, shall cause the defendant to be brought before it and may revoke the probation or suspension of sentence and shall proceed to deal with the case as if there had been no probation or suspension of sentence . . . ."); *State v. Carter*, 298 S.C. 304, 306, 379 S.E.2d 905, 906 (1989) (stating section 24-21-460 "permits either the court which imposed the probationary sentence or the court where the probation violation occurs to revoke the probation").  While we agree with the State's interpretation of the law, we affirm because the issue on appeal is not preserved for our review.  The State failed to make any arguments to the PCR court as to why venue was proper and the PCR court's ruling was in error, the PCR court made no findings of fact as to where the probation violation occurred, and the State made no post-trial motion seeking factual findings or conclusions of law regarding whether venue was proper.  *See Plyler v. State*, 309 S.C. 408, 409, 424 S.E.2d 477, 478 (1992) (finding an issue that was neither raised at the PCR hearing nor ruled upon by the PCR court is not preserved); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) (noting that under our rules of preservation "it is a litigant's duty to bring to the [trial] court's attention any perceived error, and the failure to do so amounts to a waiver of the alleged error"); *McCall v. State Farm Mut. Auto. Ins. Co.*, 359 S.C. 372, 381, 597 S.E.2d 181, 186 (Ct. App. 2004) (finding an issue unpreserved where the issue "was clearly addressed to the court by Respondent, but Appellant advanced no arguments on this issue to the circuit court"); *Burgess v. State*, 402 S.C. 92, 95, 738 S.E.2d 264, 265 (Ct. App. 2013) (stating that "to properly preserve an issue for appellate review, it is incumbent upon a party in a PCR action to file a Rule 59(e)[, SCRCP,] motion in the event the PCR court fails to make specific findings of fact and conclusions of law regarding an issue").

**AFFIRMED.**

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**