[Cite as *State v. Wesson*, 2018-Ohio-834.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 28412 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| HERSIE R. WESSON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2008-03-0710 |

DECISION AND JOURNAL ENTRY

Dated: March 7, 2018

HENSAL, Presiding Judge.

{¶1} Hersie Wesson appeals from the judgment of the Summit County Court of Common Pleas, denying his second petition for post-conviction relief. This Court affirms.

I.

{¶2} The procedural history and factual background of this capital-murder case are set forth in this Court's prior decision. *State v. Wesson*, 9th Dist. Summit No. 25874, 2012-Ohio-4495, *aff'd in part, rev'd in part*, 137 Ohio St.3d 309, 2013-Ohio-4575. Briefly, in 2009, a three-judge panel found Hersie Wesson guilty of two counts of aggravated murder with capital specifications, attempted murder, aggravated robbery, having a weapon under disability, and tampering with evidence. *Id.* at ¶ 2. The panel subsequently sentenced Mr. Wesson to death for the crime of aggravated murder. *Id.* at ¶ 3. It also imposed various prison sentences for the remaining offenses. *Id.*

**{¶3}** Following his sentence, Mr. Wesson filed a petition for post-conviction relief with the trial court, as well as a direct appeal to the Ohio Supreme Court. *Id.* at ¶ 3-4. The trial court denied Mr. Wesson's petition for post-conviction relief, and he appealed that decision to this Court. This Court affirmed the trial court's decision. *Id.* at ¶ 114. Mr. Wesson then appealed our decision to the Ohio Supreme Court, which declined to accept jurisdiction. *State v. Wesson*, 140 Ohio St.3d 1438, 2014-Ohio-4160.

**{¶4}** Approximately one year after this Court affirmed the denial of Mr. Wesson's petition for post-conviction relief, the Ohio Supreme Court issued its decision with respect to Mr. Wesson's direct appeal. *State v. Wesson*, 137 Ohio St.3d 309, 2013-Ohio-4575. Specifically, it reversed one of Mr. Wesson's convictions for aggravated murder and the specifications related thereto, as well as a specification for another count. It affirmed the remaining convictions and the imposition of the death penalty. *Id.* at ¶ 136. Mr. Wesson moved for reconsideration, which the Ohio Supreme Court denied. *State v. Wesson*, 137 Ohio St.3d 1444, 2013-Ohio-5678.

**{¶5}** In 2015, Mr. Wesson filed a habeas petition with the United States District Court for the Northern District of Ohio. *Wesson v. Jenkins*, N.D.Ohio No. 5:14CV2688, 2015 U.S. Dist. LEXIS 157218 (Nov. 20, 2015). That proceeding was stayed pending Mr. Wesson's exhaustion of new state-court claims. Mr. Wesson then filed a second, successive petition for post-conviction relief. More than two months later, he filed an amendment to that petition, attaching three affidavits. Mr. Wesson's petition set forth numerous grounds for relief. Most relevant to this appeal, he argued that he is intellectually disabled and, therefore, cannot be sentenced to death. Mr. Wesson's argument in that regard relied upon the United States Supreme Court's decision in *Atkins v. Virginia*, which held that the execution of "mentally retarded" persons violates the Eighth Amendment to the United States Constitution. 536 U.S.

304, 321 (2002). Relatedly, he argued that his prior counsel's ineffective assistance prevented him from presenting that argument at trial, and in his first petition for post-conviction relief.

{¶6} After considering Mr. Wesson's arguments, the trial court determined that Mr. Wesson did not meet his burden under Revised Code Section 2953.23(A)(1) and, therefore, concluded that it lacked jurisdiction to consider his successive petition for post-conviction relief. It is from that order that Mr. Wesson now appeals, raising four assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT ADJUDICATED WESSON'S PETITION FOR POST-CONVICTION RELIEF UNDER THE MORE STRINGENT STANDARDS OF OHIO REVISED CODE § 2953.23, AS OPPOSED TO § 2953.21.

{¶7} In his first assignment of error, Mr. Wesson argues that the trial court erred when it analyzed his petition for post-conviction relief under Section 2953.23, as opposed to Section 2953.21. We disagree.

{¶8} The applicable version of Section 2953.21 provided, in part, that a petition for post-conviction relief in a death-penalty case must be filed within 180 days[1] after the date on which the trial transcript is filed with the Ohio Supreme Court. Section 2953.23 governs untimely and/or successive petitions, providing that a trial court may not entertain such petitions unless "the petitioner shows that [he] was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief," or, subsequent to the period prescribed in Section 2953.21(A)(2), "the United States Supreme Court recognized a new federal or state

---

[1] The current version of R.C. 2953.21 provides for 365 days.

right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." Section 2953.23(A)(1)(a). A petitioner challenging a death sentence must also show that, "but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." R.C. 2953.23(A)(1)(b).

{¶9} Here, there is no dispute that the underlying petition was both successive and untimely. Notwithstanding, Mr. Wesson argues that the trial court should have analyzed it as a timely first petition under the less stringent provisions of Section 2953.21. He makes two arguments in this regard, which we will address in turn.

{¶10} First, Mr. Wesson argues that the ineffective assistance of his prior post-conviction counsel resulted in the untimely and successive petition. We reject this argument outright, as there is no constitutional right to the effective assistance of post-conviction counsel. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991), *holding modified by Martinez v. Ryan*, 566 U.S. 1, 17 (2012) ("Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."); *see also State v. Crowder*, 60 Ohio St.3d 151 (1991), at paragraph one of the syllabus ("[A]n indigent petitioner does not have a state or a federal constitutional right to representation by an attorney in a postconviction proceeding[.]"). To the extent that Mr. Wesson relies upon the United States Supreme Court's decisions in *Martinez v. Ryan* and *Maples v. Thomas* to support his position, those cases address ineffective assistance in the context of what may constitute cause to excuse a procedural default in federal habeas cases. 566 U.S. 1 (2012);

565 U.S. 266 (2012). They do not affect our analysis under Ohio's statutory post-conviction procedures. *See, e.g.*, *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, ¶ 104 ("*Martinez* is directed toward federal habeas proceedings and is intended to address issues that arise in that context."); *Kelly v. State*, 404 S.C. 365, 366-367, 745 S.E.2d 377 (2013) (collecting cases and stating that "[l]ike other states, we hereby recognize that the holding in *Martinez* is limited to federal habeas corpus review and is not applicable to state post-conviction relief actions.").

{¶11} Furthermore, to the extent that Mr. Wesson's claims are based upon trial counsel's ineffective assistance, the Ohio Supreme Court has held that "[w]here defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence *dehors* the record, *res judicata* is a proper basis for dismissing defendant's petition for postconviction relief." *State v. Cole*, 2 Ohio St.3d 112 (1982), at syllabus. Both Mr. Wesson's direct appeal and first petition for post-conviction relief raised the issue of trial counsel's ineffective assistance, albeit on different grounds. Those claims were found to lack merit. Here, Mr. Wesson's assignment of error fails to direct this Court to any evidence outside of the record to support a claim of ineffective assistance of trial counsel. Accordingly, any argument in that regard is barred by res judicata. *Id.*

{¶12} Second, Mr. Wesson argues that, pursuant to the Ohio Supreme Court's decision in *State v. Lott*, the trial court should have treated his untimely successive petition as a timely first petition. 97 Ohio St.3d 303, 2002-Ohio-6625. In *Lott*, the Court noted that the criminal defendant's successive petition for post-conviction relief was more akin to a first petition. *Id.* at ¶ 17. It did so on the basis that – subsequent to the defendant's first petition – the United States Supreme Court decided *Atkins v. Virginia*, which held that the execution of a "mentally retarded"

person violates the Eighth Amendment. *Id.*; *Atkins v. Virginia*, 536 U.S. 304, 321 (2002). In light of *Atkins*, the *Lott* Court determined that the defendant "lacked the opportunity to fully litigate his mental retardation claim[,]" and applied the preponderance-of-the-evidence standard applicable to timely motions. *Id.* at ¶ 17, 20. Mr. Wesson argues that he also lacked the opportunity to fully litigate his intellectual-disability claim, albeit for a different reason: his counsel's ineffective assistance. He, therefore, argues that the trial court should have applied the preponderance-of-the-evidence standard.

{¶13} Mr. Wesson's reliance on *Lott* is misplaced. His argument ignores the fact that the *Lott* Court determined that the defendant satisfied the requirements of Section 2953.23(A)(1)(b) prior to determining that the successive petition was more akin to a first petition. *Id.* at ¶ 17. Despite Mr. Wesson's argument, *Lott* "did not * * * establish a new category of successive petitions that must be treated as first petitions." *State v. Hartman*, 9th Dist. Summit No. 25055, 2010-Ohio-5734, ¶ 10. Indeed, the *Lott* Court expressly limited its holding, stating that "[f]or all other defendants who have been sentenced to death, any petition for postconviction relief specifically raising an *Atkins* claim must be filed within 180 days from the date of the judgment in this case." *Id.* at ¶ 24. It further stated that "[p]etitions filed more than 180 days after this decision must meet the statutory standards for untimely and successive petitions for postconviction relief." *Id.* We, therefore, are unpersuaded by Mr. Wesson's argument.

{¶14} Mr. Wesson also argues that the use of the word "may" as used in Section 2953.23(A) (i.e., "a court may not entertain" an untimely or successive petition unless the petitioner meets the requirements of that Section) indicates that trial courts have discretion when reviewing successive petitions for post-conviction relief. As the State points out, the Eleventh

District Court of Appeals addressed – and rejected – this same argument. In doing so, it stated that, "[u]pon reviewing R.C. 2953.23(A), it is evident that the General Assembly intended 'may' to have a mandatory effect by coupling it with the word 'not.'" *State v. Davie*, 11th Dist. Trumbull No. 2000-T-0104, 2001 Ohio App. LEXIS 5842, *17 (Dec. 21, 2001). We agree, and reject Mr. Wesson's argument in that regard.

{¶15} Mr. Wesson further argues that, even if Section 2953.23 applies, he met his burden thereunder. More specifically, he argues that the ineffective assistance of his prior counsel prevented him from discovering certain facts. He further argues that the United States Supreme Court has recognized a new federal or state right that applies retroactively to him. As explained below, we are unpersuaded by either argument.

{¶16} Despite asserting that he was unavoidably prevented from discovering certain facts, nowhere in his assignment of error does Mr. Wesson identify what those facts are. Additionally, Mr. Wesson fails to identify what new federal or state right the United States Supreme Court has recognized, nor does he explain how it applies retroactively to him. Instead, he simply states that the trial court erred by determining that the United States Supreme Court's decision in *Hall v. Florida* did not apply retroactively, and cites two out-of-state cases in support of that position. 134 S.Ct. 1986 (2014). To the extent that arguments exist to support Mr. Wesson's claims, "it is not this court's duty to root [them] out." *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 Ohio App. LEXIS 2028, *22 (May 6, 1998), citing App.R. 12(A)(2) and App.R. 16(A)(7).

{¶17} In light of the foregoing, Mr. Wesson's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT FAILED TO CONSIDER WESSON'S
CLAIMS OF INEFFECTIVE ASSISTANCE.

{¶18} In his second assignment of error, Mr. Wesson argues that the trial court erred when it failed to consider his claim for ineffective assistance of counsel. In light of our discussion and disposition in the previous assignment of error, we reject Mr. Wesson's argument. Accordingly, Mr. Wesson's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT PLACED THE BURDEN OF THOROUGHLY INVESTIGATING AN *ATKINS* CLAIM ON A PETITIONER WITH AN INTELLECTUAL DISABILITY CLAIM.

{¶19} In his third assignment of error, Mr. Wesson argues that the trial court erred by placing the burden of investigating his intellectual-disability claim on him, rather than on his prior counsel. To that end, he cites the trial court's order, wherein it stated that Mr. Wesson "never pursued his present intellectual disability claim until now[.]" This argument, however, is tied to his claim that he received ineffective assistance of counsel, and Mr. Wesson has presented no independent basis for relief. In light of our discussion and disposition in Mr. Wesson's first assignment of error, we overrule his third assignment of error.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN DISMISSING WESSON'S POST-CONVICTION RELIEF PETITION WHEN HE PRESENTED SUFFICIENT OPERATIVE FACTS TO MERIT RELIEF OR, AT A MINIMUM, AN EVIDENTIARY HEARING.

{¶20} In his fourth assignment of error, Mr. Wesson argues that the trial court erred by dismissing his petition for post-conviction relief because he presented sufficient operative facts to merit relief, or, at a minimum, an evidentiary hearing.

{¶21} We review a trial court's determination that a criminal defendant failed to satisfy the procedural requirements of the post-conviction-relief statutes de novo. *State v. Morris*, 9th

Dist. Summit No. 24613, 2009-Ohio-3183, ¶ 5. Additionally, we review "a trial court's decision not to hold a hearing on a petition for post-conviction relief for an abuse of discretion." *State v. Stafford*, 9th Dist. Summit No. 24674, 2009-Ohio-5167, ¶ 5.

{¶22} Mr. Wesson again asserts that his prior counsel rendered ineffective assistance, and that he presented evidence outside of the record that entitles him to relief. He again fails to identify what that evidence is, and instead refers this Court to the briefing below. *See* App.R. 16(A)(7).

{¶23} As discussed in our disposition of Mr. Wesson's first assignment of error, Mr. Wesson has not established that the trial court erred by rejecting his successive and untimely petition for post-conviction relief on the basis that it lacked jurisdiction. Absent jurisdiction to consider a petition for post-conviction relief, a trial court is not required to hold an evidentiary hearing. *State v. Price*, 9th Dist. Wayne No. 03CA0046, 2004-Ohio-961, ¶ 10 ("As the trial court lacked jurisdiction to consider [the post-conviction-relief] petition, it was not required to hold an evidentiary hearing."). We, therefore, cannot say that the trial court erred by denying Mr. Wesson's petition, or that it abused its discretion by not holding an evidentiary hearing. Mr. Wesson's fourth assignment of error is overruled.

III.

{¶24} Mr. Wesson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

RACHEL TROUTMAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and NORA BYRAN, Assistant Prosecuting Attorney, for Appellee.