[Cite as *State v. Vasquez*, 2021-Ohio-3453.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 29858 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| FRANCISCO VASQUEZ | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 18 03 0989 |

## DECISION AND JOURNAL ENTRY

Dated: September 30, 2021

CARR, Judge.

{¶1}     Defendant-Appellant Francisco Vasquez appeals from the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}     Following the sexual assault of his biological daughter, Vasquez "was indicted on seven counts of rape, seven counts of sexual battery, and seven counts of gross sexual imposition.  He eventually pled guilty to five counts of sexual battery, all amended down to felonies of the third degree, and the remaining counts were dismissed.  The trial court ordered a pre-sentence investigation report ("PSI"), victim impact statement, and psychosexual evaluation to be prepared.  The court later sentenced [] Vasquez to five years in prison for each of the five counts and ordered those sentences to be served consecutively to each other, for a grand total of twenty-five years in prison."  *State v. Vasquez,* 9th Dist. Summit No. 29422, 2019-Ohio-5406, ¶ 3.

{¶3} Vasquez appealed, raising two assignments of error related to his sentence. *Id.* at ¶ 4. Upon noting that several documents, including the PSI, were not part of the appellate record, this Court presumed regularity in the proceedings and affirmed Vasquez's convictions. *Id.* at ¶ 7-10.

{¶4} In August 2020, Vasquez filed a motion to disclose the PSI. Vasquez argued that he would be pursuing post-conviction relief pursuant to R.C. 2953.21 and Crim.R. 35 once all the evidence and documents were obtained and reviewed. In so doing, he noted that this Court affirmed his convictions based in part on the lack of the PSI in the appellate record, thereby demonstrating appellate counsel's ineffective representation. Vasquez asserted that R.C. 2951.03 authorized the review of the PSI. The State opposed the motion maintaining that nothing in the Revised Code authorized the requested relief and that Vasquez's claim of ineffective assistance of appellate counsel would not be properly raised in a post-conviction relief petition. On September 17, 2020, the trial court denied Vasquez's motion concluding that claims of ineffectiveness of appellate counsel were not cognizable in post-conviction relief proceedings. Additionally, the trial court stated that Vasquez failed to point to any provision of the Revised Code that authorized the trial court to release the PSI.

{¶5} Vasquez has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT DENIED MR. VASQUEZ'S MOTION TO DISCLOSE THE PRESENTENCING INVESTIGATION REPORT TO HIS NEW COUNSEL FOR PURPOSES OF POST-CONVICTION RELIEF.

{¶6} Vasquez argues in his sole assignment of error that the trial court erred in denying his motion to disclose the PSI. Vasquez maintains he intends to use the PSI in a future petition for post-conviction relief.

{¶7} As noted by the Supreme Court, R.C. 2951.03 permits access to the PSI in certain circumstances. *State v. Johnson*, 138 Ohio St.3d 282, 2014-Ohio-770, ¶ 9. "Specifically, R.C. 2951.03(B)(1) provides that 'the court, at a reasonable time before imposing sentence, shall permit the defendant or the defendant's counsel to read the report,' with some exceptions. Moreover, pursuant to R.C. 2951.03(B)(2), '[p]rior to sentencing, the court shall permit the defendant and the defendant's counsel to comment on the presentence investigation report and, in its discretion, may permit the defendant and the defendant's counsel to introduce testimony or other information that relates to any alleged factual inaccuracy contained in the report.'" *Johnson* at ¶ 9.

{¶8} "R.C. 2951.03(D)(1) provides that the contents of a presentence investigation report 'are confidential information and are not a public record.' But the defendant and the defendant's counsel may seek access to the report pursuant to R.C. 2951.03(D)(1) * * *." *Johnson* at ¶ 10.

{¶9} R.C. 2951.03(D)(1) states in relevant part that:

> The court, an appellate court, authorized probation officers, investigators, and court personnel, the defendant, the defendant's counsel, the prosecutor who is handling the prosecution of the case against the defendant, and authorized personnel of an institution to which the defendant is committed may inspect, receive copies of, retain copies of, and use a presentence investigation report or a written or oral summary of a presentence investigation only for the purposes of or only as authorized by Criminal Rule 32.2 or this section, division (F)(1) of section 2953.08, section 2947.06, or another section of the Revised Code.

{¶10} "Moreover, in accordance with R.C. 2951.03(D)(2), the defendant, the defendant's counsel, and the prosecutor may not make copies of the report and must return all

copies of the report to the court '[i]mmediately following the imposition of sentence upon the defendant,' and, pursuant to R.C. 2951.03(D)(3), the 'court or other authorized holder of the report * * * shall retain the report * * * under seal,' except when it is being used for specified purposes." *Johnson* at ¶ 11.

{¶11} "R.C. 2953.08(F)(1) provides that a presentence investigation report is part of the record to be reviewed on an appeal of a sentence under that statute; it also provides that during such an appeal, an appellate court must comply with R.C. 2951.03(D)(3) when not using the report and that the appellate court's use of the report does not affect the otherwise confidential nature of its contents or make it a public record." *Johnson* at ¶ 12.

{¶12} In *Johnson,* the Supreme Court concluded that "[c]onstruing R.C. 2951.03 and 2953.08(F)(1) to preclude appellate counsel from accessing the presentence investigation report may implicate constitutional concerns of due process and/or the right to effective assistance of appellate counsel on a first appeal as of right." *Johnson* at ¶ 13. The Court stated that "barring appellate counsel from accessing a presentence investigation report relied upon by the trial court would deny an appellant a fair opportunity to obtain an adjudication on the merits of his appeal because it would restrain counsel's ability to fully investigate and determine potential issues for appeal." (Internal citation and quotations omitted.) *Johnson* at ¶ 13. Because of the foregoing concerns, and "because the term 'defendant's counsel' as used in R.C. 2951.03(D)(1) includes both a defendant's trial counsel and a defendant's appellate counsel," the Supreme Court permitted "newly appointed appellate counsel to have access to a presentence investigation report upon a proper showing therefor, subject to similar restrictions as contained in R.C. 2951.03 and 2953.08(F)(1) and any further directives of the appellate court." *Johnson* at ¶ 14.

{¶13} On appeal, Vasquez maintains that R.C. 2951.03 and *Johnson* should apply to him to allow him access to the PSI for use in his future petition for post-conviction relief. However, the concerns that were the focus of the Supreme Court's analysis in *Johnson* are not at issue here. Vasquez already had his direct appeal and is now seeking access to the PSI for use in a future petition for post-conviction relief. "The United States Supreme Court and the Supreme Court of Ohio have generally rejected arguments that constitutional protections such as due process apply in post-conviction proceedings." *State v. Conway*, 10th Dist. Franklin No. 17AP-504, 2019-Ohio-2260, ¶ 36. Moreover, unlike in direct appeals, there is no federal constitutional right to counsel in state post-conviction proceedings, and because of that, there is no federal constitutional right to the effective assistance of counsel in such proceedings. *See State v. Waddy*, 10th Dist. Franklin No. 15AP-397, 2016-Ohio-4911, ¶ 42, citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) and *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *see also State v. Wesson*, 9th Dist. Summit No. 28412, 2018-Ohio-834, ¶ 10; *State v. Crowder*, 60 Ohio St.3d 151, 152 (1991) ("[A]n indigent petitioner has neither a state nor a federal constitutional right to be represented by an attorney in a postconviction proceeding."). Finally, to the extent that Vasquez sought the PSI to challenge the effective assistance of appellate counsel in a future petition for post-conviction relief, the trial court was correct that those claims are properly brought under App.R. 26(B), not R.C. 2953.21. *See Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 6-8. In summary, denying Vasquez access to the PSI under these circumstances would not implicate the same concerns that the Supreme Court sought to address in *Johnson.*

{¶14} Vasquez has not pointed this Court to any statutory authority that would authorize the trial court to release the PSI to Vasquez given the procedural posture of this case, nor has he convinced us that *Johnson* applies to the facts of his case. *See also State v. Taylor*, 6th Dist.

Lucas No. L-20-1045, 2021-Ohio-758, ¶ 3, 13 ("[A]ppellant's application for a writ of mandamus fails because the trial court has no legal duty to provide appellant with a copy of his presentence investigation report.") Accordingly, Vasquez has failed to demonstrate that the trial court erred in denying his motion for the disclosure of the PSI.

{¶15} Vasquez's assignment of error is overruled.

III.

{¶16} Vasquez's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

BRANDON J. HENDERSON and JUSTIN M. WEATHERLY, Attorneys at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.